SMITH, Appellee and Cross–Appellant,

v.

SMITH, Appellant and Cross–Appellee.*

[Cite as *Smith v. Smith* (1993), 91 Ohio App.3d 248.]

Court of Appeals of Ohio,
Franklin County.

No. 93AP–341.

Decided Oct. 21, 1993.

■

* Reporter's Note: A motion to certify the record to the Supreme Court of Ohio was overruled in (1994), 68 Ohio St.3d 1449, 626 N.E.2d 690.

*Thomas G. Shanahan,* for appellee and cross-appellant.

*Artz, Dewhirst & Farlow* and *Beverly Farlow,* for appellant and cross-appellee.

---

WHITESIDE, Judge.

Defendant, Douglas Smith, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, granting a divorce. Defendant raises the following three assignments of error:

1. "The lower court abused its discretion in finding that the equities of the case compelled the immediate commencement of periodic payments of property distribution."

2. "The lower court erred as a matter of law when it failed to consider the Ohio Supreme Court's requirements for property distribution."

3. "The lower court erred as a matter of law when it failed to consider all nine of the factors set forth in Ohio Revised Code Section 3105.171(F)."

Plaintiff, Carol Smith, filed a cross-appeal raising the following two assignments of error:

1. "The lower court abused its discretion by failing to require security for the distribution of cross-appellant's interest in cross-appellee's PERS pension."

2. "The court erred by considering and offsetting the wife's social security benefits against the division of the husband's pension."

Douglas and Carol Smith were married in 1973. Three children were born during the marriage. On May 10, 1991, plaintiff filed for divorce, and defendant counterclaimed on June 13, 1991. The matter went to trial, at which the parties entered a stipulation resolving all issues of custody, child support, and property division, with the exception of the division of the parties' retirement assets. The trial court held a hearing for the purpose of determining the character and value of the parties' undivided assets. Testimony was presented by both parties including that of an actuary, Albert R. Minor, Jr. The parties submitted the following stipulations concerning the value of their retirement assets:

"11. Wife is the owner of two (2) IRA's at Fifth Third Bank, in the following amounts:

"1. $2,513.67

"2. $4,670.00

"These assets are subject to division.

"12. Wife is the owner of a SEP retirement plan funded April 15, 1992 in the amount of $7,010.00.

"13. Husband is the owner of a Deferred Compensation plan in the amount of $10,145.00, which is subject to division, valued as of June 13, 1991.

"14. Mr. Smith has a vested PERS retirement benefit which will pay $983.09 per month, payable at his age 60, valued as of June 13, 1991.

"15. Mr. Smith's PERS retirement has an actuarial present value of $41,987.00, valued as of June 13, 1991. Mr. Smith's contributions only as of June 13, 1991, total $33,132.00.

"16. Mrs. Smith has a vested social security benefit of $390.00 per month to commence at age 65, valued as of June 13, 1991.

"17. Mrs. Smith's social security benefits have a present value of $10,207.00, valued as of June 13, 1991."

The trial court issued a decision dividing the parties' retirement assets on December 17, 1992. This decision was incorporated into the final divorce decree judgment entry on February 17, 1993. The parties' assets were divided, as follows: Plaintiff's SEP retirement plan and increases in defendant's PERS

retirement plan accrued after June 13, 1991, were found to be separate property and not subject to division. Both IRAs were awarded to plaintiff, and defendant was ordered to pay to plaintiff for property settlement the sum of $18,500 payable in one hundred forty-four equal monthly installments in the amount of $221.09, including interest at the rate of ten percent. Defendant could prepay any portion of this obligation without obligation for future interest. Defendant filed a timely appeal from the trial court's decision, and plaintiff filed a cross-appeal.

The division of marital property in domestic relations cases is governed by R.C. 3105.171, which provides in pertinent part:

"(C)(1) Except as provided in this division or division (E) of this section, the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable. * * *"

The trial court has broad discretion to determine what is equitable upon the facts and circumstances of each case. *Kunkle v. Kunkle* (1990), 51 Ohio St.3d 64, 554 N.E.2d 83. This court will not interfere with a trial court's distribution of property absent an abuse of discretion. The term "abuse of discretion" connotes more than an error of law or judgment and implies that the trial court's decision was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140. A review of the record reveals that such an abuse of discretion occurred in this matter.

Retirement benefits, including pension rights, vested during the course of the marriage are marital assets and are to be considered in the division of marital property. See R.C. 3105.171(A)(3)(a)(ii). Effecting an equitable division of retirement benefits between spouses has been a complicated problem. The Supreme Court in *Hoyt v. Hoyt* (1990), 53 Ohio St.3d 177, 559 N.E.2d 1292, set forth some guidelines for the trial courts to follow when exercising their discretion as to pension or retirement benefits in a division of marital property. The court in *Hoyt* held at 179, 559 N.E.2d at 1295:

" * * * [W]hen considering a fair and equitable distribution of pension or retirement benefits in a divorce, the trial court must apply its discretion based upon the circumstances of the case, the status of the parties, the nature, terms and conditions of the pension or retirement plan, and the reasonableness of the result; the trial court should attempt to preserve the pension or retirement asset in order that each party can procure the most benefit, and should attempt to disentangle the parties' economic partnership so as to create a conclusion and finality to their marriage."

Under *Hoyt,* there are five factors to be considered: (1) the nature of the retirement plan; (2) the terms and conditions of the plan; (3) what "division" of the asset gives a reasonable result; (4) whether a reasonable result can be attained by preserving the retirement asset; and (5) whether a reasonable result can be reached which disentangles the parties' economic partnership in the retirement asset.

The *Hoyt* court went on to note, at 180, 559 N.E.2d at 1296:

" * * * [A]ny given pension or retirement fund is not necessarily subject to direct division but is subject to evaluation and consideration in making an equitable distribution of both parties' marital assets."

At least four different methods have been utilized in attempting to divide retirement assets equitably. These four methods are as follows: (1) withdrawing the entire employee's share from the fund; (2) offsetting the present value of the nonemployee spouse's equitable share with other marital property; (3) offsetting the present value of the nonemployee's equitable share with installment payments; or (4) ordering that a percentage of the future benefit be paid directly from the fund to the nonemployee spouse, if and when the pension matures. See *Connolly v. Connolly* (1990), 70 Ohio App.3d 738, 743, 591 N.E.2d 1362, 1365. It is axiomatic that, prior to the trial court's dividing an asset, each party's equitable share of the asset must be determined. In this matter involving the Public Employees Retirement System ("PERS"), the marital asset is defendant's vested right to receive a determinable monthly benefit upon retirement or disability or to opt instead to accept a lump sum upon termination from employment. See R.C. 145.40 and 145.41. Defendant has no current right to enjoy his PERS pension asset. The marital asset is the vested right to receive a retirement benefit payable in monthly installments at age sixty-five but based only upon the years of PERS service at the time of valuation of marital assets. See R.C. 145.33. It is plaintiff's equitable share of this marital asset that the trial court should have determined.

As noted by the Supreme Court in *Hoyt,* retirement plans are diverse. At issue in the present matter is a PERS account which is governed by R.C. Chapter 145. The fund provides retirement and disability benefits for public employees. The plan is funded by both employee and employer contributions. The contributions in each employee's PERS account are inaccessible to the employee until retirement, disability, or termination of public employment.[1] Upon termination from public employment, only the employee's contributions are refundable. See R.C. 145.40.

---

1. If the employee leaves employment of one public agency and accepts employment with another public agency, PERS membership continues.

Each member of PERS with at least five years' service minimum is entitled to a monthly benefit upon retirement in accordance with the provisions of R.C. 145.33, which reads in pertinent part:

"When a member retires on age and service retirement, his total annual single lifetime allowance * * * shall be not less than a base amount adjusted in accordance with this division and determined by multiplying his total service credit by the greater of the following:

" * * * *

"(b) Two and one-tenth per cent of his final average salary for each of the first thirty years of service plus two and one-half per cent of his final average salary for each subsequent year of service."

The intricacies of PERS are set forth in the Revised Code and rules adopted by the PERS board. The value of the pension asset, the monthly benefit amount defendant is entitled to upon retirement, is set by law and easily determined by use of the statutory formula, with evidence of years of service and the final average salary (the highest three years). For example, in the pending matter, the record reveals defendant has fifteen and one-half years of service and, based on his highest three years' earnings, he has an average salary of $36,260. His monthly benefit at age sixty-five will be at least $983.55. If he collects this benefit at age sixty, the plan provides he will receive only eighty-five percent of this benefit. See R.C. 145.33(A)(5)(b). These calculations are based upon the benefit available to defendant based upon his years of service as of the date he filed his counterclaim. (The date selected by the trial court for valuation of assets.) At the time of filing, defendant was forty-two years old and had worked for the state for fifteen and one-half years. If he continues to work for the state or another public agency, he will be eligible to collect his full benefit at approximately age fifty-eight, thirty years' service being required for full retirement benefits. However, the trial court determination should be that of the benefit accrued on the date set for valuation of marital property by the trial court. In this matter, if defendant did not continue to work in public employment, he would be entitled to his full retirement benefit at age sixty-five. This retirement benefit is marital property.

The next question the trial court should determine is what portion of the monthly benefit should equitably be apportioned to plaintiff. Several factors must be considered, such as her own retirement benefits, including social security. While plaintiff alleges the trial court erred in considering her social security benefits when dividing the parties' retirement benefits, this court finds error only as to the manner in which the social security benefits were considered.

■ This court has held in *Streeter v. Streeter* (July 30, 1991), Franklin App. No. 91AP–14, unreported, 1991 WL 151215, that potential social security benefits, while not marital assets and not subject to division, are to be considered when allocating marital retirement benefits. Furthermore, social security benefits are "retirement benefits" pursuant to R.C. 3105.171. The only relevance social security benefits have in the division of marital property is in the equitable division of retirement benefits. Social security is not relevant in the division of other marital assets.

The proper manner in which to consider social security benefits has caused confusion. This court confirmed in *Streeter* that it is improper directly to offset the present value of one party's pension benefit by the *present-day value* of the opposing party's social security benefits.

■ For example, in the present matter, it would be improper for the trial court to offset defendant's PERS retirement account with a stipulated "present value" of $41,987 by plaintiff's social security benefit amount, which has a stipulated present value of $10,207. The appropriate method to consider the impact of social security benefits is to determine the monthly benefit the social security recipient will receive upon retirement. In this matter, the parties stipulated plaintiff's social security benefit amount to be $390 per month to commence at age sixty-five. This stipulation enables the trial court to determine the benefits available to the parties upon retirement. Defendant's benefit will be $938.55 based on his current income and service. To make an equitable determination of plaintiff's share, the trial court should take into consideration any retirement benefits plaintiff reasonably expects to receive based upon service and the marital asset determination date. Plaintiff has an expectation of receiving social security in the amount of $390 per month. Social security, while not a divisible marital asset, must be considered when equitably allocating pension benefits. This is particularly important in the division of a PERS account. For, in general, participation in PERS exempts an employee from taxes imposed by the Federal Insurance Contributions Act, Section 3101 *et seq.*, Title 26, U.S. Code, and the Social Security Act, Section 301 *et seq.*, Title 42, U.S. Code. See Section 3121, Title 26, U.S. Code and Section 410(a)(7), Title 42, U.S. Code. While a public employee is not subject to social security taxes, neither does a public employee build credit in the social security program during his tenure in exempt public service. In fact, the record does not reflect whether defendant is currently entitled to any social security benefits.

■ Under the circumstances, an equitable division of pension benefits can be accomplished by offsetting plaintiff's potential social security monthly benefit against defendant's potential PERS monthly benefit and equitably apportioning the balance of the PERS monthly benefit between the parties. For example,

defendant will receive $983.55 monthly from PERS. Considering plaintiff will receive $390 monthly in social security benefits, the difference is $593.55. If the benefit be equally divided, plaintiff would be entitled to $296.78 per month from the PERS retirement benefit. The specific facts of each case determine if an equal division is equitable. Once an equitable division is made, the court may divide the monthly benefit using a QDRO.[2] If this is feasible, the portion of the monthly benefit plaintiff is entitled to may be reduced to present value utilizing plaintiff's age and the appropriate interest rate. Once the benefit is reduced to present value, the method of payment must be determined. While the method we have outlined is appropriate in this case, the terms and conditions of each pension plan are different, and many may require a different approach. In this case, the parties had limited marital assets, other than tax deferred savings plans, the pension fund is inaccessible, the benefit vested and ascertainable, alimony inappropriate, and both parties have retirement benefits. In a situation where the parties have significant marital assets or only one party has retirement benefits, a different approach to determining an equitable apportionment of retirement benefits may be appropriate. The trial court is to achieve an equitable division of marital assets in every divorce case based on each case's particular facts and circumstances. Once plaintiff's share of defendant's pension is determined, the best method for distribution must be chosen.

In the present matter, the trial court attempted offsetting the present value of plaintiff's share of defendant's PERS account with installment payments at the rate of ten percent per year to be paid in one hundred forty-four installments. All three of defendant's assignments of error allege error in the method used by the trial court.

The trial court sought to utilize a "distributive award" to divide equitably the parties' retirement assets. A distributive award "means any payment or payments, in real or personal property, that are payable in a lump sum or over time, in fixed amounts, that are made from separate property or income, and that are not made from marital property and do not constitute payments of spousal support * * *." R.C. 3105.171(A)(1). Prior to ordering a distributive award, the trial court must determine that a division of the marital property in kind or in money would be impracticable or burdensome. R.C. 3105.171(E)(2). Furthermore, the court is required to consider the nine factors set out in R.C. 3105.-171(F), which include, in part, the following:

"(2) The assets and liabilities of the spouses;

" * * * *

2. The parties contend defendant's PERS account is not subject to a qualified domestic relations order ("QDRO"). This issue is at this time unresolved; since it was not addressed by the trial court, it is not appropriate for this court to resolve the issue at this time.

"(4) The liquidity of the property to be distributed;

"(5) The economic desirability of retaining intact an asset or an interest in an asset;

" * * *

"(9) Any other factor that the court expressly finds to be relevant and equitable."

 A review of the record does not indicate that the trial court made an express determination that a division of the marital property in kind or in money would be impracticable or burdensome. There is no direct evidence that it would be impracticable or burdensome to award plaintiff an appropriate share of the PERS pension at the time of defendant's retirement or withdrawal of his account. Without an express indication explaining why an in-kind or in-money distribution would be impracticable or burdensome, it is not reasonable for the trial court to order a distributive award at least in the absence of an agreement of the parties.

 Moreover, the evidence of the factors set forth in R.C. 3105.171(F) does not support a distributive award in this case, at least in the absence of definitive findings. A review of the liquidity of the property reveals that there is no dispute that defendant's PERS account cannot be withdrawn in whole or in part as long as he remains employed by the state of Ohio. His interest cannot be withdrawn to effectuate a division. A review of the parties' assets pursuant to R.C. 3105.171(F)(2) reveals these parties do not have substantial other assets with which to offset the value of plaintiff's share of defendant's pension benefit.

 Neither does defendant have substantial other assets from which to pay a distributive award. When the court divides a nonliquid pension benefit, it is inequitable to order a distributive award from current income absent the existence of substantial other assets or an agreement of the parties. Enjoyment of a pension asset is delayed until such a time as it becomes payable under the plan such as an attained age or infirmity. To force a spouse, who lacks significant financial resources[3] to pay from current income the value of a delayed benefit ordinarily would be inequitable since the payee spouse would enjoy a present benefit (although reduced) at the expense of the payor spouse's reduction in available current funds, especially in view of the fact the pension can be divided in an alternative manner. In such cases, a QDRO ordering division upon retirement or separation from employment would be more appropriate absent other factors.

In conclusion, the court notes that the plaintiff has not demonstrated that the statutory requirements of R.C. 3105.171(E)(2) and 3105.171(F) have been met

---

**3.** It is another matter entirely if the parties have significant other assets and a distributive award is ordered to preserve assets, escape tax consequences, or otherwise provide for an equitable division of property.

and, therefore, a distributive award has not been demonstrated to be equitable, and the trial court's order reflects an abuse of discretion.

Since defendant's three assignments of error all concern the periodic payments ordered by the trial court, they are well taken.

Plaintiff's first assignment of error alleges the trial court abused its discretion by failing to require security for the distributive payments. As this court has found the trial court erred in ordering distributive payments, plaintiff's first assignment of error is not well taken.

Plaintiff's second assignment of error contends the lower court erred by considering her social security benefits when dividing the party's retirement accounts. To the extent the trial court erred in its method of consideration, plaintiff's second assignment of error is well taken; otherwise, it is not well taken.

For the foregoing reasons, defendant's first, second and third assignments of error are all sustained, plaintiff's first assignment of error is overruled, and her second assignment of error is sustained in part and overruled in part, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is reversed, and this cause is remanded to that court for further proceedings in accordance with law, consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

BOWMAN and JOHN C. YOUNG, JJ., concur.