284 N.J. Super. 300 (1995)
664 A.2d 1297
MARY WHITE, PLAINTIFF,
v.
ROBERT WHITE, DEFENDANT.
Superior Court of New Jersey, Chancery Division Family Part Sussex County.
Decided May 10, 1995.
*302 Lee Ann McCabe (Einhorn, Harris, Ascher & Barbarito), attorneys for plaintiff.
Peter J. Laemers (Morris, Downing & Sherred), attorneys for defendant.
PARKER, J.S.C.
The evidence in this case indicates that the parties were married on July 10, 1965. The jurisdiction and venue requirements for the divorce were met and the grounds for extreme cruelty were satisfactorily proven.
Two children were born of the marriage: Brian, on August 2, 1972, and Laura, on November 19, 1979. Brian is now 22 years old and emancipated. The parties stipulated that they will have *303 joint custody of Laura; defendant will have physical custody. Plaintiff will arrange visitation with Laura directly.
In October 1991, a domestic violence final restraining order was entered under Docket Number FV-19-046-92. The restraints will be continued but all other provisions of the restraining order will be superseded by the judgment of divorce.
The issues tried to the court were: alimony; child support, college costs and medical expenses for Laura; equitable distribution of personal property, income taxes paid and retirement benefits; and counsel fees.
[PARTS OF THIS OPINION PERTAINING TO ALIMONY, CHILD SUPPORT, COLLEGE COSTS, MEDICAL EXPENSES AND EQUITABLE DISTRIBUTION WERE DECIDED IN ACCORDANCE WITH ESTABLISHED LAW AND ARE NOT INCLUDED IN THE PUBLISHED OPINION.]

RETIREMENT BENEFITS
A novel issue is presented here: whether a federal employee who has not contributed to social security insurance is entitled to an offset against his pension for a spouse's social security benefits. Defendant participated in the federal employees pension system under Chapter 83, 5 U.S.C. Section 8301-8351, Federal employees participating in the Chapter 83 pension plan do not participate in the social security system. Plaintiff has no pension and the only retirement benefit to which she will be entitled will be social security.
Defendant's expert, William M. Troyan, reported that the present value of defendant's pension was $725,374.33 and the present cash value of the marital portion of plaintiff's social security benefit was $94,500.82. Defendant's pension includes his military service prior to the marriage. The application of the *304 coverture fraction,[1] however, will adjust the pension to the years of the marriage. Given the duration of this marriage and plaintiff's contribution, both financially and as the principal homemaker and child care provider, the pension will be distributed equally between the parties. There are insufficient assets against which to offset defendant's pension for immediate distribution, requiring a deferred distribution of the retirement benefits. Whitfield v. Whitfield, 222 N.J. Super. 36, 535 A.2d 986 (App.Div. 1987).
Defendant's pension is a defined benefit plan for which the benefit will be determined on the date of defendant's retirement. Plaintiff's share, subject to the coverture fraction, will be calculated on the same date. Marx v. Marx, 265 N.J. Super. 418, 627 A.2d 691 (Ch.Div. 1993). The marital portion of a federal pension is distributed by way of a Court Order Approved for Processing (COAP) which must be drafted in accordance with the Code of Federal Regulations. Social security benefits are not ordinarily subject to equitable distribution. Hipsley v. Hipsley, 161 N.J. Super. 119, 390 A.2d 1220 (Ch.Div. 1978). Defendant argues, however, that because he is not entitled to receive social security under his federal pension, plaintiff's share of his pension should be offset for 50% of plaintiff's social security benefit. Moreover, defendant seeks to have plaintiff's social security benefit offset against his pension immediately upon his retirement. There are two questions to be determined here: whether defendant is entitled to an offset for plaintiff's social security and, assuming he is, whether an immediate offset is fair and equitable under the circumstances. Our research indicates there is no New Jersey case law addressing this issue. We look to other states for guidance.
*305 In Smith v. Smith, 91 Ohio App.3d 248, 632 N.E.2d 555, 560 (1993), the Ohio Court of Appeals determined that social security benefits should be offset against a public employee's pension:
Social security, while not a divisible marital asset, must be considered when equitably allocating pension benefits. This is particularly important in the division of a PERS [Public Employment Retirement System] account. For, in general, participation in PERS exempts an employee from taxes imposed by the Federal Insurance Contributions Act ... and the Social Security Act.... While a public employee is not subject to social security taxes, neither does a public employee build credit in the social security program during his tenure in exempt public service. .. . Under the circumstances, an equitable distribution of pension benefits can be accomplished by offsetting plaintiff's potential social security monthly benefit against defendant's potential PERS monthly benefit and equitably apportioning the balance of the PERS monthly benefit between the parties.
The Ohio Appeals Court further stated:
... It is improper directly to offset the present value of one party's pension benefit by the present day value of the opposing party's social security benefits.... The appropriate method to consider the impact of social security benefits is to determine the monthly benefit the social security recipient will receive upon retirement. [emphasis added].
Id.
In Cornbleth v. Cornbleth, 580 A.2d 369, 397 Pa.Super. 421 (1990), the Pennsylvania Superior Court held that a portion of a public employee's pension should be excluded from the marital estate because of nonparticipation in social security. The excluded portion served to offset the receipt of social security benefits by the other party. That court held:
... it will be necessary to compute the present value of a Social Security benefit had the [public employee] been participating in the Social Security system. This present value should then be deducted from the present value of the [public] pension at which time a figure for the marital portion of the pension could be derived and included in the marital estate for distribution purposes. This process should result in equating, as near as possible, the two classes of individuals for equitable distribution purposes.
580 A.2d at 372.
In Cornbleth, the Pennsylvania court utilized present values because the parties had comparable pensions which could be offset for present, rather than deferred, distribution.
*306 Defendant's nonparticipation in social security enabled the parties to enjoy a greater disposable income during the marriage. Moreover, Mr. Troyan indicated that defendant will receive a substantially greater pension benefit to compensate for his lack of social security. The larger benefit will also be enjoyed by both parties because they will share it equally, subject to the coverture fraction. When plaintiff retires, however, she will have the additional advantage of social security. Since plaintiff contributed to social security during the marriage, defendant is entitled to share in the coverture portion of her social security benefit.
In Smith and Cornbleth, the parties were retiring at comparable ages, both parties had accumulated sizeable pensions and an immediate offset of social security benefits against the public employee's pension was fair. The principal difficulty with an offset in this case is the difference in time when the parties will be eligible for their respective benefits. Defendant can retire at age 55 after 30 years of service in 1996. At that time, his total monthly benefit will amount to $3,069.73. If defendant continues to work past age 55, he will receive an increased benefit with each additional year of service until he reaches a maximum after 42 years of service.
Plaintiff, who is now 52 years of age, will not be eligible for any social security benefits until the year 2005 when she is 62. If she retires at 62, she will be eligible to receive only 80% of the allowable benefit, but at age 65 she will receive 100%. The amount of plaintiff's social security benefit, however, cannot be calculated until she collects it because it is based upon the number of years of employment, the income earned in the last years of employment and the age at which it is collected. Thus, defendant can retire in 1996 while plaintiff must work until 2005 to be eligible for 80% of her social security benefit. If defendant retires at age 55, it would be grossly unfair to offset plaintiff's social security benefit immediately.
Defendant argues that he should receive an immediate offset for plaintiff's social security benefits because he is uncertain whether *307 he will be able to locate plaintiff or whether she will cooperate at the time she is eligible to receive social security. He speculates that the chances of her voluntary cooperation are "not great." This situation, however, is no different from any other deferred distribution plan.
Moreover, if plaintiff does not live to age 62, there will be no social security benefit paid. In that case, an immediate offset would result in plaintiff's losing a portion of her equitable share of defendant's pension. It would be patently unfair to order an immediate offset under the circumstances of this case. Accordingly, the parties' retirement benefits shall be distributed as follows:
1. Defendant is prohibited from withdrawing his pension in a lump sum payment.
2. A COAP shall be submitted directing that 50% of defendant's pension, subject to the coverture fraction, be paid to plaintiff upon defendant's retirement.
3. Plaintiff shall notify defendant immediately upon receipt of social security benefits.
4. A second COAP shall be entered upon plaintiff's receipt of social security directing that her share of defendant's pension be reduced by 50% of the coverture portion of the social security benefit she is entitled to receive.
5. In the event plaintiff dies before she is eligible for social security, there shall be no offset. In that event, since the pension payments are equitable distribution, plaintiff's full share of defendant's pension shall continue to be paid over defendant's lifetime to plaintiff's heirs as designated by plaintiff.
6. Defendant's pension provides for a survivor option of up to 55% of the basic annuity. Defendant shall elect the survivor option and designate plaintiff as an irrevocable survivor beneficiary. Plaintiff has no pension of her own and will have no stream of income, other than social security, if defendant predeceases her unless she is designated the survivor beneficiary. In the event defendant dies before plaintiff, the survivor benefit will serve as *308 an insurance policy for his obligation to pay permanent alimony. Since defendant has had a stroke, he will be unlikely to obtain insurance at a reasonable cost to secure alimony. The survivor option provides that security.

COUNSEL FEES
Plaintiff seeks to have defendant pay a portion of her counsel fees for this lengthy litigation. In determining whether fees should be awarded in a matrimonial action, the court must consider the factors set forth in Williams v. Williams, 59 N.J. 229, 281 A.2d 273 (1971): (a) the need of the party requesting fees; (b) the ability of the opposing party to pay; and (c) the good or bad faith of the parties during the course of the litigation.
Given the circumstances here, where plaintiff earned 24% of the parties' joint income in 1994, she clearly needs assistance with fees. Even after apportioning the parties' income through alimony and child support, defendant will have a substantially greater share of their joint income. Accordingly, plaintiff's counsel shall submit a certification of services in accordance with R. 4:42-9. Defendant's counsel shall submit his position with respect to the amount of fees to be awarded within five days of receiving the certification.

CONCLUSION
In making its determinations, the court has considered all of the evidence and the factors set forth in the applicable statutes. Plaintiff's counsel shall submit a form of judgment within 10 days, pursuant to R. 4:42-1.
NOTES
[1] The coverture fraction has as its numerator the number of years during the marriage the employee-spouse participated in the plan and as its denominator the total number of years of employment required for receipt of benefits. Whitfield v. Whitfield, 222 N.J. Super. 36, 48, 535 A.2d 986 (App.Div. 1987); Marx v. Marx, 265 N.J. Super. 418, 422, 627 A.2d 691 (Ch.Div. 1993).