Appellant, Robert E. Hartley, appeals from a judgment of the Montgomery County Common Pleas Court granting divorce to appellant and appellee, Barbara L. Hartley. Appellant contests the division of the marital estate asserting that the trial court erred in its evaluation of his sick-leave benefits. Because we find error in the trial court's calculation of the value of these benefits, we reverse and remand the cause for further proceedings.
 I.
Robert E. Hartley and Barbara L. Hartley were married on January 22, 1966 in Dayton, Ohio. The couple separated on March 1, 1996. On March 12, 1996, appellant, Robert Hartley, filed for divorce. On March 18, appellee, Barbara Hartley, filed a counterclaim. At the time of the divorce proceedings, all children of the marriage were emancipated. Trial of the case was held on June 23, 1997.
In its final judgment and decree of divorce, the trial court found "no equitable reason not to make the division of marital interests between the parties approximately equal." When the court divided that couple's assets, it decided that the husband would retain the cash value of his accumulated sick-leave benefits, which the court valued at $22,500. In balancing the distribution of marital assets, however, the court entered a value of $25,000 in the husband's column to indicate the value of the sick-leave benefits. The wife, therefore, received assets equal to $25,000 to offset the indicated value of those retained by her ex-husband. On appeal, Robert Hartley contests the propriety of this particular distribution.
 II.
Appellant raises two assignments of error, which read as follows:
First Assignment of Error:
 THE TRIAL COURT ERRED IN DIVIDING ASSETS AND LIABILITIES OF THE PARTIES IN THE DIVISION OF MARITAL ASSETS AND LIABILITIES DOES NOT BALANCE THE EQUITY BETWEEN THE PARTIES AND ACHIEVE AN EQUAL DIVISION OF MARITAL ASSETS AS SUGGESTED BY OHIO REVISED CODE 3015.171 AND IS AN ABUSE OF DISCRETION.
 Second Assignment of Error:
 THE TRIAL COURT ERRED WHEN IT GRANTED TO THE HUSBAND ACCRUED SICK LEAVE BENEFITS OF $25,000 IN AN ATTEMPT TO BALANCE THE EQUITIES OF THE PARTIES AS THERE IS ABSOLUTELY NO EVIDENCE THAT THERE IS ACCRUED SICK LEAVE BENEFITS OF $25,000 WHICH ARE A MARITAL ASSET OF THE PARTIES.
 Appellant does not argue these two assignments of error separately as required by App.R. 16(A). Moreover, although appellant's first assignment of error broadly attacks the distribution of marital assets as unequal, he confines his argument to the alleged imbalance created by the valuation and distribution of sick leave benefits. Thus, appellant's assignments of error are indistinguishable, and we will treat them jointly.
Appellant first contends that he has no immediate right to claim his sick-leave benefits and that they, therefore, were not a part of the marital estate subject to distribution. Appellant cites no authority in support of this argument. Considering a similar argument, the Tenth Appellate District, made the following well-considered observations:
 As with deferred bonus payments or pension plan accumulations, sick leave benefits are accumulated over time in exchange for past services rendered. [The employee] has a contractual right to receive the value of the sick leave benefits immediately upon resignation or retirement. If she chooses to continue working, she has a vested right to payment in the future, depending upon the accumulated unused hours.
 Pearson v. Pearson (May 20, 1997), Franklin App. No. 96APF08-1100, unreported, at 9. According to this analysis, the Tenth District held that sick-leave benefits were marital assets. Id. It reasoned that these benefits were similar to deferred bonus payments or pension plan accumulations, which the Supreme Court has found are a part of the martial estate. Id. (citing Holcomb v. Holcomb (1989), 44 Ohio St.3d 128, 132). We agree with the Pearson court's reasoning. We see no reason why sick-leave benefits would not qualify as an interest in property subject to distribution as a marital asset under R.C. 3105.171(A)(3)(a)(ii). This appellate district has previously treated sick-leave benefits as a marital asset. See Mayo v. Mayo (Mar. 29, 1995), Darke App. No. 1351, unreported, at 3. Appellant provides no justification for distinguishing the instant case. Thus, we find his argument on this question unpersuasive.
Appellant also contends that the record does not support the trial court's valuation of his sick-leave benefits. Accordingly, he cites the transcript of the divorce hearing in which appellee's counsel is reported stipulating to a value of $2,538. In light of the record, appellant contends that the $25,000 value given to these benefits was unreasonable and constituted an abuse of its discretion.
Appellee responds that the value appearing in the transcript resulted from a court reporter's error and the value that her counsel actually announced at trial was $22,538. Appellee notes that appellant's counsel made no objection to the stipulation regarding sick-leave benefits. Appellee also notes that she prepared a pre-trial statement that included the $22,538 figure. The transcript then shows that appellant's counsel told the court: "I have gone over that * * * and it is accurate with the possible exception of a couple of figures that we dispute." Appellee admits, however, that her pre-trial statement was never admitted into evidence and is not part of the record on appeal. Appellee concludes that the court accepted the stipulation of $22,538 dollars and then rounded the figure up to $25,000 for the purposes of calculating a distribution.
Had the dispute in this case involved only the difference between $2,538, reflected in the transcript, and $22,538, which appellee claims was the actual stipulated value, it may have warranted remand for the purposes of clarifying the record, pursuant to App.R. 9(E). However, there does not appear to be any justification for the figure of $25,000 used by the trial court in its final calculations. The court assessed the value of the benefits elsewhere in its decree at $22,500. Yet, the trial court did not round the value of any of the other marital assets to the nearest five-thousand dollar level in its final calculations. The resulting difference of $2,500 is not insignificant.
An appellate court will not interfere with a trial court's distribution of marital property absent an abuse of discretion.Smith v. Smith (1993), 91 Ohio App.3d 248, 252. R.C.3105.171(C)(1) mandates an equal division of the property, however, unless the trial court finds inequity in that result. Here, the trial court found no cause to divide the property unequally. Nevertheless, the inconsistency between the court's findings regarding the value of the sick-leave benefits and the figure it actually used to calculate the distribution created an evident inequality. Consequently, we find that the resulting distribution of the marital assets was unreasonable and constituted an abuse of the court's discretion.
For the foregoing reasons, appellants two assignments of error are sustained. We remand this cause so that the trial court may determine the proper value of appellant's sick leave benefits and, using that value, make an equitable distribution of the marital estate.
Judgment reversed, and cause remanded.
YOUNG, P.J., and WOLFF, J. concur.
Copies mailed to:
Alfred J. Weisbrod
Charles D. Lowe
Hon. V. Michael Brigner