Appellant Joyce A. Corbett appeals a judgment of the Coshocton County Common Pleas Court divorcing the parties and dividing marital assets:
ASSIGNMENTS OF ERROR
 FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING A LUMP SUM PAYMENT OF $73,325 WITHIN SIXTY DAYS OF JUDGMENT.
 SECOND AND THIRD ASSIGNMENTS OF ERROR
 THE TRIAL COURT ERRED IN ACCEPTING THE PRESENT VALUE OF THE PENSIONS AS TESTIFIED BY WITNESS GREFF IN THAT SAID VALUES WERE UNDER CALCULATED.
 THE TRIAL COURT ERRED IN DENYING THE MOTION FOR A NEW TRIAL.
 FOURTH ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN NOT UTILIZING THE COST OF LIVING ADJUSTMENT (COLA) VALUES IN DETERMINING THE PRESENT VALUE OF THE PENSION.
Appellee David A. Corbett assigns three errors on cross appeal:
ASSIGNMENTS OF ERROR
 I. THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THE DURATION OF THE MARRIAGE AS THE FINAL HEARING DATE.
 II. THE TRIAL COURT ABUSED ITS DISCRETION IN ITS AWARD OF SPOUSAL SUPPORT FROM APPELLEE/CROSS-APPELLANT TO APPELLANT/CROSS-APPELLEE.
 III. THE TRIAL COURT ABUSED ITS DISCRETION IN ORDER A LUMP SUM PAYMENT OF $73,325.00 FROM APPELLEE/CROSS-APPELLANT TO APPELLANT/CROSS-APPELLEE WITHIN 60 DAYS OF THE JUDGMENT ENTRY.
The parties were married on May 21, 1966. The parties had two children, both of whom were emancipated at the time of divorce. The court granted a divorce to appellee on the basis that the parties had been living separate and apart. The court proceeded to divide the marital property and debt.
Included among the marital assets was a retirement account through the Public Employees Retirement System of Ohio, produced through appellee's employment as Sheriff of Coshocton County, together with purchased credit. The court found the PERS account to have a fair market value of $216,241, and awarded the proceeds of the account to appellee. However, in order to equitably distribute the property, the court ordered appellee to pay to appellant within sixty days of the judgment the sum of $ 73,325. Appellee was also ordered to pay appellant spousal support in the amount of $162 per week, for a period of 588 weeks.
We address the assignments of error on direct appeal first.
 I, Cross-Appeal III
In her first assignment of error, appellant argues that the court abused its discretion in ordering appellee to pay a lump-sum of $73,325 to her within sixty days as an equalization of the property settlement. In his third assignment of error on cross-appeal, appellee also alleges the court abused its discretion in ordering the lump-sum payment.
In reviewing the equity of the division of property in a domestic relations matter, an appellate court is bound to follow the trial court's decision absent a showing that the trial court abused its discretion. Martin v. Martin (1985),18 Ohio St.3d 292, 295. Abuse of discretion constitutes more than an error of judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
In addressing the division of marital property, pension benefits accumulated during the marriage are assets subject to property division in a divorce action. Erb v. Erb (1996),75 Ohio St.3d 18, 20. When considering a fair and equitable distribution of pension or retirement benefits in a divorce, the trial court must apply its discretion based upon the circumstances of the case, the status of the parties, the nature, terms, and conditions of the pension or retirement plan, and the reasonableness of the result. Hoyt v. Hoyt
(1990), 53 Ohio St.3d 177, 179. Dealing with a public pension, such as the PERS pension plan in the instant case, is particularly troublesome, as such plans are not subject to a qualified domestic relations order (Q.D.R.O.) Sprankle v.Sprankle (1993), 87 Ohio App.3d 129, 134. It is well settled that in a divorce matter, the trial court should strive to disentangle the parties' economic partnership whenever the circumstances permit. Hoyt, 53 Ohio St.3d at 182. However, when dealing with unmatured benefits which are not subject to a Q.D.R.O., the only means to disentangle the parties' financially, is to order a distributive award from current income or separate property, or to offset pension benefits with other marital assets. Patsy v. Patsy (December 16, 1998), Columbiana App. No. 96CO52, unreported.
In Patsy, the appellant's benefits from his public pension were unmatured, as he was not entitled to a distribution until he formally retired. In addition, the benefits had not vested as of the date of divorce. The trial court in that case therefore ordered the appellant to make installment payments to appellee from his current income, to offset the inequitable distribution caused by the pension benefits. In that case, the court of appeals found that the trial court abused its discretion in ordering installment payments from current income. The appellant in that case was responsible for the custody of the child, as well as for buying out the appellee's portion of the marital home. The court of appeals concluded that in light of the financial commitment necessary to fulfill those obligations, it was unreasonable to also require the appellant to bear the burden of paying installments towards a benefit which would not be realized until well into the future.Id. at page 4. Further, it did not appear from the record in the case that the appellant possessed financial resources to meet all the requirements established by the court. Id.
In the instant case, the court made a finding that no evidence was presented that appellant was in dire financial straits, or be unable to borrow for or pay the amounts ordered in the divorce decree. Findings of Fact No. 42. This finding was an abuse of discretion, in light of the large sum of money the court ordered appellee to pay to appellant. The court ordered appellee to pay appellant $73,325, within sixty days of the final judgment. The evidence reflects that appellee earned $42,000 annually, and was ordered to pay spousal support in the amount of $162 per week. Other than the PERS account, which was valued at $216,241, the only asset of a substantial value owned by the parties was the marital property, which had been sold. The property was sold for $62,105, and this amount was awarded in its entirety to appellant. Therefore, it is apparent from the record that appellee does not have the assets or even the collateral from which to borrow the money to pay appellant $73,325 within sixty days of the final judgment. As noted by appellant, the court has essentially placed her in a position of an unsecured creditor, ripe for a discharge in bankruptcy.
The court felt that it was bound to make such a provision based on Hoyt, supra. However, the Supreme Court recognized inHoyt that the alternative of disentangling the parties may be viable only when the parties have other substantial marital assets to offset the non-employed spouses share.54 Ohio St.3d at 182. To force the spouse who lacks significant financial resources to pay the value of a delayed benefit from current income ordinarily is inequitable, as the payee/spouse enjoys a present benefit, at the expense of the payor/spouse's reduction in current available funds, especially in view of the fact that the pension can be divided in an alternative manner. Smith v.Smith (1993), 91 Ohio App.3d 248,257.
The court abused its discretion in the property division in the instant case. Appellant's first assignment of error on direct appeal, and appellee's third assignment of error on cross-appeal, are both sustained.
 II
Appellant argues that the court erred in accepting the pension valuation presented by the expert witness for appellee, as this evaluation undervalued the pension.
In Finding of Fact number eleven, the court found that the value of the account was established through the testimony of the expert witness, Herbert Greff, which the court found to be credible and reliable. Where a case turns on credibility, we must defer to the findings of fact of the trial court.Myers v. Garson (1993), 55 Ohio St.3d 610, 614. Appellant has not demonstrated that the court abused its discretion in finding the testimony of appellee's expert to be more credible than the testimony of her expert.
The second assignment of error is overruled.
 III
Appellant argues that the court erred in denying her motion for a new trial. In her motion for a new trial, appellant asked to re-open the case to produce new and different evidence on the issue of the value of the appellee's pension. As noted by the court, both parties had ample opportunity to prepare for trial, and both parties presented expert testimony on the subject of valuation of appellee's pension. Appellant's motion for new trial therefore sought solely to re-litigate the issue of the value of the pension. Appellant did not demonstrate the evidence was newly discovered, and could not have been discovered with reasonable diligence prior to trial.
The third assignment of error is overruled.
 IV
Appellant argues that the court abused its discretion in failing to use COLA values in determining the present value of appellee's pension.
In Pesuit v. Pesuit (November 17, 1997), Guernsey App. No. 97-CA-01, unreported, this court found that the trial court did not abuse its discretion by accepting a pension valuation excluding the cost of living adjustment, due to its inherently speculative nature. In the instant case, appellee's expert testified that COLA adjustments are speculative. The court did not abuse its discretion in accepting Mr. Greff's evaluation of the pension, rather than Mr. Kelly's evaluation, which included the COLA adjustment.
The fourth assignment of error is overruled.
We next address the assignments of error on cross appeal.
 I
Appellee argues on cross appeal that the court erred in determining the date of the termination of the marriage. The court found that the duration of the marriage was from May 21, 1966 until the date of the final hearing, December 10, 1997. Appellee argues that the marriage terminated in August, 1995, when the parties mutually agreed to separate, and maintained separate residences.
R.C. 3105.171 (A)(2)(a) provides that "during the marriage" generally means the period of time from the date of marriage through the date of final hearing in an action for divorce. However, R.C. 3105.171 (A)(2)(b) further provides that if the court determines that use of that date would be inequitable, the court may select a date that it considers equitable for determining the division of marital property.
Although there may be de facto termination of the marriage prior to the date of the final divorce hearing, such termination must be clear and bilateral, not unilateral. Day v.Day (1988), 40 Ohio App.3d 155, 158.
In the instant case, the court made extensive findings of fact to demonstrate the termination was not bilateral. The court found that but for appellee's divorce compliant, appellant would have continued to try to make the marriage work, and in fact she believed they still had a marriage up to the time of trial. The court concluded that there had been no mutual agreement to separate and end the marriage. The court found no evidence that appellant had dated anyone other than appellee, or that she ever sought counsel to end the marriage. The court found that no evidence was presented that both parties had expressed or demonstrated a joint intent to terminate the marriage. Findings of Fact 33, 34, 35, 36, 37, 38, and 39. Based on these findings of fact, the court concluded that there had been no de facto termination of the marriage prior to the date of final hearing. Conclusions of Law 4. The court did not abuse its discretion in terminating the marriage as of the date of final divorce hearing.
The first assignment of error on cross appeal is overruled.
 II
Appellee argues that the court erred in awarding an excessive amount of spousal support. In determining whether spousal support is appropriate and reasonable, the court is to evaluate a series of factors. R.C. 3105.18. One of these factors is the income of the parties from all sources, including income derived from property distributed pursuant to R.C. 3105.171. R.C. 3105.18 (C)(1)(a). Pursuant to our discussion of appellant's first assignment of error and cross appellant's third assignment of error, the court will, on remand, be required to alter the property division in the instant case. Because of the change in the property distribution, this factor in determining spousal support will change. Therefore, the court will necessarily be required to re-evaluate the spousal support calculation on remand, and this assignment of error is rendered moot.
The judgment of the Coshocton County Common Pleas Court is affirmed in part and reversed in part. The judgment divorcing the parties is affirmed. This case is remanded to the trial court for reconsideration of the division of marital property and spousal support, in accordance with this opinion.
By Gwin, J., Wise, P. J., and Farmer J., concur.
---------------------------
---------------------------
 --------------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Coshocton County Common Pleas Court is affirmed in part and reversed in part. The judgment divorcing the parties is affirmed. This case is remanded to the trial court for reconsideration of the division of marital property and spousal support, in accordance with this opinion.
---------------------------
---------------------------
 --------------------------- JUDGES