This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, David Potter, appeals from the judgment entered in the Wayne County Common Pleas Court, Domestic Relations Division. We reverse and remand.
 I.
Mr. Potter and Kathleen Potter were married on April 22, 1978 and have five children, all of whom are adults. On December 17, 1999, Mr. Potter filed a complaint for divorce. Ms. Potter filed her answer and counterclaim on January 6, 2000. On October 4, 2000 and December 7, 2000, the matter was heard by a magistrate. The magistrate filed his report and proposed decision on December 21, 2000. On May 9, 2001, Mr. Potter filed a memorandum in support of his objections. On May 18, 2001, Ms. Potter filed a memorandum in opposition to the objections. The trial court overruled Mr. Potter's objections and adopted the magistrate's decision on June 4, 2001. This appeal followed.
 II.
Mr. Potter asserts three assignments of error. We will discuss them each in turn.
 A. First Assignment of Error THE TRIAL COURT ERRED IN ITS DETERMINATION OF THE VALUES OF THE PARTIES' RESPECTIVE RETIREMENT/PENSION BENEFITS.
Mr. Potter contends that the trial court erred when it determined that Ms. Potter's PERS benefits were not a marital asset and, accordingly, assigned them no value in the property division. Specifically, Mr. Potter asserts that, under the PERS system, Ms. Potter will only receive her benefits in the form of a disability pension until she reaches retirement age. At such time, Mr. Potter argues that, Ms. Potter's retirement benefits should no longer be considered income replacement, but rather, should be considered in the division of marital property. We agree.
A trial court has broad discretion in making divisions of property in domestic cases. Berish v. Berish (1982), 69 Ohio St.2d 318, 319. To establish guidelines to aid the trial court in a division of property, the Ohio Supreme Court explained that to ensure "a fair and equitable distribution of pension or retirement benefits in a divorce, the trial court must apply its discretion based upon the circumstances of the case, the status of the parties, the nature, terms and conditions of the pension or retirement plan, and the reasonableness of the result." Hoytv. Hoyt (1990), 53 Ohio St.3d 177, paragraph one of the syllabus. Accordingly, a trial court's decision regarding the division of property will be upheld absent an abuse of discretion. Martin v. Martin (1985),18 Ohio St.3d 292, 294-95. An abuse of discretion means more than an error of judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Freeman v. Crown City Mining, Inc. (1993),90 Ohio App.3d 546, 552.
R.C. 3105.171(A)(3)(a)(ii) provides that marital property includes "[a]ll interest that either or both of the spouses currently has in any real or personal property, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage[.]" In Hoyt, the Ohio Supreme Court noted that "the general rule is that pension or retirement benefits earned during the course of a marriage are marital assets," but observed that there were exceptions to that rule, including disability retirement pay. Hoyt,53 Ohio St.3d at 178, fn. 3. The Second District Court of Appeals considered the Hoyt decision and concluded that disability benefits are not marital property unless they are accepted in lieu of old-age retirement pay, in which case they are marital property to the extent that such retirement pay value is included in the disability pension benefit. Elsass v. Elsass (Dec. 29, 1993), Greene App. Nos. 93-CA-0005 and 93-CA-0016, unreported, 1993 Ohio App. LEXIS 6290, at *13.
In the present case, Mr. Potter acknowledges that Ms. Potter's disability benefits may be income replacement and, therefore, would not be a marital asset to be considered in the property division. However, Mr. Potter disputes the determination that Ms. Potter's monthly benefits will not represent either a retirement benefit or a payment in lieu of old-age retirement pay when she reaches the retirement age of sixty. Mr. Potter's argument comports with the Elsass decision, which noted that, despite the fact that the disability retirement benefits at issue were not marital property, the parties could still properly stipulate to the fact that the old age retirement benefits were to be divided equally among the parties. See id. Further, in another decision by the Third District Court of Appeals, the court held that despite the fact that appellant's retirement pay had been completely absorbed by his decision to take disability prior to becoming eligible for retirement, it was appropriate to divide his monthly benefit equally among the parties once appellant reached the first retirement date specified in his retirement plan, as such benefit should then be treated as any other marital asset.Motter v. Motter (July 27, 2000), Wyandot App. No. 16-99-14, unreported, 2000 Ohio App. LEXIS 3422, at *11.
Mr. Potter additionally asserts that, once the court finds that the retirement component of Ms. Potter's benefits is a marital asset to be considered in the division of marital property, it would be inappropriate for the court to value his benefits as if he were retiring immediately, while valuing Ms. Potter's benefits as if she were not retiring until age sixty. We note that a trial court's determination of value should be based on the benefits accrued as of the date set for valuation of marital property. See, generally, Smith v. Smith (1993), 91 Ohio App.3d 248, 254
(indicating that it would be inappropriate to base calculations on how much defendant could potentially continue to work, and rather, the calculations should be based on the benefit accrued on the date set for valuation of marital property by the trial court, thereby basing the benefit on current income and service completed during the marriage). Consequently, when determining the parties respective retirement benefits, the valuation as to both parties benefits should be determined based on the benefit each party earned during the marriage.
We conclude that it was an abuse of discretion for the trial court to not assign Ms. Potter's PERS benefits any value in the division of property. While Ms. Potter's disability benefits are not a marital asset, the benefits certainly represent either a retirement benefit or a payment in lieu of old-age retirement pay as of Ms. Potter's retirement date. As such, these benefits should be considered a marital asset to be given a value based upon the benefits accrued as of the date set for valuation of the marital property. Accordingly, Mr. Potter's first assignment of error is sustained.
 B. Second Assignment of Error THE TRIAL COURT ERRED IN FAILING TO RECOGNIZE THE HUSBAND'S SEPARATE PROPERTY INTEREST IN HIS METROPOLITAN LIFE INSURANCE POLICY.
Mr. Potter avers that the trial court erred when it determined that each party to the divorce should receive one-half of a settlement from a class action lawsuit as a result of the ownership in their Prudential life insurance policies. Each party owned a life insurance policy and, as a result of the settlement, received net proceeds totaling $6,612.56, which included $4,317.86 payable to Mr. Potter and $2,284.70 payable to Ms. Potter. Mr. Potter asserts that it was error for the trial court not to take into account that he still owed $3,109.70 on his Met Life policy due to the fact that he had borrowed against such policy to buy the Prudential policy. We agree.
In the case at bar, Mr. and Ms. Potter took out Prudential life insurance policies at the time of their marriage. To take out these policies, Mr. Potter borrowed against his Met Life insurance policy, while Ms. Potter converted the life insurance policy she had with Prudential. Premiums made to the Prudential policies during the marriage came from marital funds. Mr. Potter still owes a balance of $3,109.70 on his Met Life loan that arose when he borrowed against his policy in order to purchase the Prudential policy. The trial court equally divided the net proceeds of the settlement which totaled $6,612.56 based upon the magistrate's recommendation and then applied $500 of Mr. Potter's half toward his child's wedding expenses. The magistrate noted that marital funds went into the policies and, accordingly, found that the entire amount of the settlement represented a marital asset which should be divided equally. Mr. Potter does not dispute the $500 payment, but asserts that, only by borrowing against his Met Life policy, was he able to buy the Prudential policy which provided coverage throughout the marriage. Therefore, he asserts that the settlement amount should first be applied toward the balance of his loan with Met Life.
Upon review of the record, it appears that the amount owed on the Met Life policy was a debt which was incurred in order to provide insurance coverage during the marriage. Accordingly, the balance of $3,109.70 due on the loan should properly be considered a marital debt which should be paid in full before either party is able to receive the remains of the settlement. While concurring with the trial court's determination that the entire amount of the settlement represents a marital asset, this court further holds that the $3,109.70 loan represents a debt incurred during marriage, and therefore, the proceeds of the settlement should first be applied to satisfy the loan with the remainder split evenly between Mr. and Ms. Potter. See Canfarelli v. Canfarelli (July 14, 2000), Montgomery App. No. 18145, unreported, 2000 Ohio App. LEXIS 3130, at *16 (writing that, "[b]ecause R.C. 3105.171 requires an equitable division of assets and liabilities, any divorce litigant may reasonably expect to pay an appropriate share of marital debt"). Mr. Potter's second assignment of error is sustained.
 C. Third Assignment of Error
THE TRIAL COURT ERRED IN THE DIVISION OF MARITAL PROPERTY.
In his third assignment of error, Mr. Potter avers that the property division would have been different had the trial court properly considered both the retirement benefits of the parties and the division of the settlement from the life insurance policies. We need not address Mr. Potter's third assignment of error as it has been rendered moot by our disposition of the first and second assignments of error. See App.R. 12(A)(1)(c).
 III.
Mr. Potter's first and second assignments of error are sustained. His third assignment of error is rendered moot by this court's disposition of the first and second assignments of error. See App.R. 12(A)(1)(c). The judgment of the Wayne County Court of Common Pleas, Domestic Relations Division, is reversed and the cause remanded for further proceedings consistent with this decision.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
BAIRD, J., WHITMORE, J. CONCUR