OPINION
{¶ 1} Appellant, Kenneth R. Cain, appeals from a final judgment of the Ashtabula County Court of Common Pleas, ordering him to pay spousal support to appellee, Jana S. Hamrick-Cain, awarding appellee attorney fees in connection with this litigation, awarding appellee one-half appellant's pension through the State Teachers Retirement System ("STRS"), and ordering appellant to pay appellee any child support for which he may be in arrears. For the reasons set forth below, appellant's first, second, and third assignments of error are not well-taken. Appellant's fourth assignment of error is moot.
 {¶ 2} The following facts and procedural events are relevant to the instant appeal. The parties were married on July 26, 1990, and one son, Kenneth R. Cain, Jr. ("Robbie"), was born on January 14, 1991 as issue of the marriage. Appellee had one child, Gregory O'Brien, born June 24, 1981, from a previous marriage. Appellant left the marital home in 1999 and filed a claim for divorce on December 1, 2000. Appellee filed a timely counterclaim, to which appellant timely answered. Appellee also moved for temporary and permanent allocation of parental rights and responsibilities, child support, and spousal support pendente lite and responsibilities. Appellee's father, Gary Hamrick ("Gary") was later joined as a necessary party because title to the house the parties resided in during their marriage, to which appellant claims an interest, was in his name; consequently, on October 18, 2001, appellant filed an amended complaint, which both appellee and her father timely answered.
 {¶ 3} The final hearing was held July 30, 2002, and the trial court granted the parties a divorce on the grounds of incompatibility on September 6, 2002. Appellee was designated residential parent and legal custodian of Robbie. According to the trial court's judgment entry, appellant was ordered to pay appellee spousal support in the amount of $250 per month for thirty-six months, to pay appellee one-half the marital portion of appellant's STRS pension, and to pay appellee $1,500 to be applied to her attorney fees in connection with this litigation. In addition, the trial court ordered that appellant "shall remain liable for payment of any arrearage in child support, pursuant to this Court's prior orders, as may be determined by the Child Support Enforcement Agency. [Appellee] is granted judgment against [appellant] for any such arrearage." (Emphasis added.)
 {¶ 4} From this decision, appellant filed a timely notice of appeal with this court on October 1, 2002 and submitted the following assignments of error for our consideration:
 {¶ 5} "[1.] The trial court committed reversible error by making an award of spousal support without indicating a basis in sufficient detail to enable a reviewing court to determine that the award was fair, equitable and in accordance with Ohio law.
 {¶ 6} "[2.] The trial court committed reversible error by improperly awarding the appellee attorney's [sic] fees.
 {¶ 7} "[3.] The trial court committed reversible error by awarding one-half (1/2) of the coverture value of the Public State Teachers Retirement System pension credits of the plaintiff without conducting a setoff for the equivalent social security component of said pension.
 {¶ 8} "[4.] The trial court committed reversible error by granting an unspecified award for unspecified alleged support arrearages without setting forth any evidence thereof in the record."
 {¶ 9} These four assignments of error relate to proceedings before the trial court during the divorce and property settlement determinations in this case. At this time, we will not examine appellant's fourth assignment of error because it is now moot. The trial court's September 6, 2002 judgment entry was not a final appealable order, as the order required appellant to pay appellee an unspecified amount in child support arrearage. See Civ.R. 54(B). See, also, Robinson v. Robinson, 9th Dist. No. 21440, 2003-Ohio-5049 at ¶ 6, citing Whetzel v. Starkey, 7th Dist. No. 99 BA 42, 2000-Ohio-2621, (dismissing appeal for lack of a final, appealable order where the judgment entry was not journalized regarding the amount of child support arrearage). On March 24, 2003, this court ordered the matter remanded to the trial court with an order to determine the amount of appellant's child support arrearage. According to the trial court's March 26, 2003 judgment entry, appellant was not, in fact, in arrears for child support. Consequently, the trial court stated that the provision in the September 6, 2002 judgment entry finding appellant liable for any arrearage was moot, and we are no longer required to examine this issue.
 {¶ 10} Before addressing appellant's first three assignments of error, we will lay out the appropriate standard of review. "In reviewing the equity of a division of property [including retirement benefits and any award of spousal support], one of the basic guidelines an appellate court is bound to follow is that the trial court's judgment cannot be disturbed on appeal absent a showing that the [trial court] abused its discretion * * *."Martin v. Martin (1985), 18 Ohio St.3d 292, 294-295. See, also,Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, 94;DeChristefero v. DeChristefero, 11th Dist. No. 2001-T-0055, 2003-Ohio-3065, at ¶ 28. When applying the abuse of discretion standard, the appellate court is not free to merely substitute its judgment for that of the trial court. Berk v. Matthews
(1990), 53 Ohio St.3d 161, 168. Moreover, "an abuse of discretion is more than an error of law or of judgment; it implies that he trial court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 11} We now turn to the merits of appellant's assignments of error. In appellant's first assignment of error, he states that, in awarding spousal support to appellee, the trial court erred by failing to obtain an accurate statement from appellee of her living expenses and also by failing to indicate a basis for such award in sufficient detail to enable the appellate court to determine whether the trial court abused its discretion.[1]
We disagree.
 {¶ 12} R.C. 3105.18(C) outlines the factors a trial court must consider in making a determination of spousal support, and a trial court's determination shall not be based on any factor taken in isolation. See, e.g., Kaechele. Further, "[i]n allocating property between the parties to a divorce and in making an award of [spousal support], the trial court must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law." Id. at 97. A trial court cannot satisfy this requirement by merely stating that it has considered the requisite factors, and a judgment entry awarding spousal support must "`provide some illumination of the facts and reasoning underlying the judgment. This is true even though evidence was introduced * * * and contained in the record which may support some award of spousal support.'" Pengov v. Pengov,
11th Dist. No. 2002-G-2485, 2003-Ohio-6755, at ¶ 23, quotingHerman v. Herman (Mar. 28, 1997), 11th Dist. No. 96-P-1094, 1997 Ohio App. LEXIS 1223, at 11.
 {¶ 13} In the instant case, the trial court's September 6, 2002 judgment entry stated that the trial court considered the "respective income of the parties, their relative earning abilities, their retirement benefits * * *, the availability of hospitalization insurance through employment, and the duration of the marriage" in determining that appellee was entitled to spousal support. Although the trial court did not explicitly state it had considered all the factors outlined in R.C.3105.18(C)(1) (a-n), it is clear that the trial court considered those factors which were relevant to the instant matter. The judgment entry indicates:
 {¶ 14} "[t]he plaintiff has paid medical insurance available as a benefit to him through his employment, which has been valued at $17,693.14 * * *. The defendant does not currently have insurance available through her employment. While paid medical insurance is obviously a valuable fringe benefit, the defendant was covered by this insurance during the marriage. The court finds that the value of a future benefit is not a marital asset and is not subject to equitable division. Nevertheless, it may be a consideration in an award of spousal support. Considering the respective income of the parties, their relative earning abilities, their retirement benefits (the defendant has none), the availability of hospitalization insurance through employment, and the duration of the marriage, the defendant is entitled to an award of spousal support."
 {¶ 15} Thus, the trial court indicated a basis for its award of spousal support in sufficient detail to enable this reviewing court to determine whether the award was fair and equitable. Our review of the record finds support for the court's reasoning. Accordingly, the trial court did not abuse its discretion in failing to indicate in sufficient detail a basis for its award of spousal support to appellee, and the award was reasonable.
 {¶ 16} The trial court also did not err by failing to consider an accurate statement of appellee's living expenses when making this award. Without objection by appellant, appellee admitted as her exhibit "L" a statement of her monthly living expenses. Appellant thus waived any claim that this statement was inaccurate or that the trial court erred by failing to obtain from appellee an accurate statement of expenses. Accordingly, appellant's first assignment of error is without merit.
 {¶ 17} For the sake of clarity, we will address appellant's second and third assignments together. In appellant's second assignment of error, he argues that the trial court erred by awarding appellee attorney fees without first determining the reasonableness of the fees. In his third assignment of error, appellant contends that the trial court erred in awarding appellee one-half his STRS pension without first offsetting an amount equivalent to a Social Security component. We disagree.
 {¶ 18} R.C. 3105.18(H) authorizes a trial court to award "reasonable attorney's [sic] fees to either party at any stage" in divorce or legal separation proceedings. While the award of attorney fees is in the sound discretion of the trial court, the court must consider the reasonableness of the fees when it awards attorney fees as alimony. Swanson v. Swanson (1976),48 Ohio App.2d 85, 89. A trial court should look to DR 2-106(B), Code of Professional Responsibility (1970), when determining the reasonableness of a fee. Swanson at 89-91.
 {¶ 19} In this matter, appellee admitted billing statements from her attorney, Pamela D. Houston ("Houston"), for the period from January 15, 2000 to June 4, 2002. These statements collectively totaled $2,419 and reveal that Houston billed on an hourly basis, charging $105 per hour. The exhibit was admitted without any objection or qualification by appellant. Appellant did not argue that the statements should be admitted with the limited purpose of showing the existence of these bills, and he also did not contend that he was not admitting the validity or reasonableness of the amount. Appellant did not request a hearing to determine the reasonableness of appellee's legal fees, and appellant further failed to argue this issue in closing arguments.
 {¶ 20} Likewise, a vested pension plan accumulated during marriage is ordinarily a marital asset, but the portion of a public pension equivalent to Social Security benefits is not subject to division in a divorce proceeding. Holcomb v. Holcomb
(1989), 44 Ohio St.3d 128, 133; Hoyt v. Hoyt (1990),53 Ohio St.3d 177, at fn. 3. An amount equivalent to Social Security benefits should be offset before the pension can be divided as marital property. DeChristefero at ¶ 29. See, also, Smith v.Smith (1993), 91 Ohio App.3d 248, 255.
 {¶ 21} In the instant matter, appellant admitted as his own exhibit an evaluation of his STRS pension. Within the report, the pension evaluators stated that "one of the parties has a government plan in lieu of Social Security and the other spouse is covered under Social Security," and this "has not been taken into account in this evaluation." At that time, however, appellant did not state or in any way argue that an amount equivalent to his Social Security component should be offset before his pension was divided as marital property. Neither the pension evaluators nor any party calculated appellant's Social Security offset, and appellant further failed to argue this issue during closing arguments. We refuse to require the trial court to try the litigants' case.
 {¶ 22} Accordingly, the trial court did not err by awarding appellee legal fees without first determining their reasonableness or by awarding appellee one-half of appellant's STRS pension without first offsetting an amount equivalent to appellant's Social Security component. The trial court did not incorrectly decide these issues. Appellant waived these issues, and they were never put before the trial court.
 {¶ 23} Based on the foregoing analysis, appellant's first, second, and third assignments of error are not well taken, and his fourth assignment of error is moot. We hereby affirm the judgment of the trial court with respect to appellant's first, second, and third assignments of error.
Ford, P.J., and Grendell, J., concur.
[1] Appellant stated, as an issue for review within his first assignment of error, that the trial court erred by ordering him to pay spousal support without obtaining an accurate statement of appellee's living expenses. However, appellant failed to develop this argument within the body of his appellate brief.