EICKELBERGER, Appellant,

v.

EICKELBERGER, Appellee.

[Cite as *Eickelberger v. Eickelberger* (1994), 93 Ohio App.3d 221.]

Court of Appeals of Ohio,
Butler County.

No. CA93–06–102.

Decided Feb. 22, 1994.

*Fred S. Miller,* for appellant.

*James Gedling,* for appellee.

WILLIAM W. YOUNG, Judge.

Plaintiff-appellant, Thomas L. Eickelberger, appeals the judgment of the Butler County Court of Common Pleas, Domestic Relations Division, granting him a divorce from defendant-appellee, Stephanie J. Eickelberger. Appellant sets forth two assignments of error as follows:

"Assignment of Error No. 1:

"The trial court erred to the prejudice of plaintiff-appellant when it did not award child support to him and split the childrens' [*sic*] tax exemptions between the parties.

"Assignment of Error No. 2:

"The trial court erred to the prejudice of plaintiff-appellant when it awarded his entire deferred compensation plan to appellee without regard to appellee's Social Security benefits."

Appellant filed a complaint for divorce on January 21, 1992, after eleven years of marriage. The parties have two minor children. Appellant works as a

fireman for the city of Hamilton and earns $36,000 per year. Appellee is a nurse and earns $30,000 per year.

■ Appellant argues under his first assignment of error that the court should have awarded him child support, since he is the residential parent of the children for nine months of the year. He also argues that the trial court should not have split the children's tax exemptions between the parties.

In a decision issued November 2, 1992, the trial court adopted a shared-parenting plan granting residential parent status to appellant during the school year and to appellee during the summer months. Both parents have modified Schedule B visitation. The shared-parenting plan also provides in part:

"3. Neither party shall pay child support to the other for the support of the minor children. Rather, each party shall be responsible for supporting the children when they are with him or her.

"4. The parties have stipulated that they agree that the children shall be educated in parochial schools and that the cost of that education will be shared by the parents in proportion to their relative income.

"5. It is ordered by the court that each of the parties attend the Divorce Parents class.

"6. The cost of clothing, school supplies and other ordinary expenses for the children shall be shared by the parties in proportion to their relative incomes.

"Each party shall carry medical and hospitalization insurance for the minor children so long as the group policy is available through his or her employment. Mr. Eickelberger's policy shall be considered primary and Mrs. Eickelberger's secondary. Any expenses not covered by medical insurance shall be shared by the parties in proportion to their relative incomes.

"Mr. Eickelberger shall be entitled to claim Tommy as an exemption for income tax purposes. Mrs. Eickelberger shall be entitled to claim Leslie."

A shared-parenting plan must include all factors relevant to the care of children, including the provision of child support. R.C. 3109.04(G). The trial court may order either or both parents to pay child support. R.C. 3109.05. In determining an appropriate amount of child support, the trial court must comply with R.C. 3113.21 to 3113.219, and must consider all relevant factors including:

"(c) The standard of living and circumstances of each parent and the standard of living the child would have enjoyed had the marriage continued;

"(d) The physical and emotional condition and needs of the child;

"(e) The financial resources, other assets and resources, and needs of both parents, when a decree for shared parenting is issued;

"(f) The need and capacity of the child for an education, and the educational opportunities that would have been available to him had the circumstances requiring a court order for his support not arisen;

"(g) The earning ability of each parent;

"(h) The age of the child;

"(i) The responsibility of each parent for the support of others;

"(j) The value of services contributed by the residential parent." R.C. 3109.-05(A)(1).

R.C. 3113.215 lays out the basic child support guidelines. R.C. 3113.215(B)(3) addresses the court's ability to deviate from the basic guidelines and provides in part:

"In determining whether [the award of support recommended under the guidelines] would be unjust or inappropriate and would not be in the best interest of the child, the court may consider any of the following factors and criteria:

" * * *

"(c) other court-ordered payments;

" * * *

"(i) significant in-kind contributions from a parent, including, but not limited to, direct payment for lessons, sports equipment, or clothing;

"(j) any other relevant factor included in sections 3109.05 and 3111.13 of the Revised Code."

R.C. 3113.215(B)(6) states with respect to shared-parenting plans:

"If the court issues a shared parenting order in accordance with section 3109.04 of the Revised Code, the court shall order an amount of child support to be paid under the child support order that is calculated in accordance with the schedule and with the worksheet set forth in division (E) of this section through line 18, *except that, if the application of the schedule * * * and the worksheet, through line 18, would be unjust or inappropriate* to the children or either parent and would not be in the best interest of the child because of the extraordinary circumstances of the parents or because of any other factors or criteria set forth in division (B)(3) of this section, the court may deviate from the amount of child support that would be ordered in accordance with the schedule and worksheet * * *." (Emphasis added.)

According to this court's calculations, appellant would be entitled to $2,448 a year or $47 weekly, under the basic child support guidelines. The total annual combined child support obligation of the parties comes to $12,240 based on their combined income of $66,000. See R.C. 3113.215(D). Appellant, who earns fifty-

five percent of the parties' combined income, is responsible for $6,732 of the parties' support obligation compared to appellee's obligation of $5,508. Since appellant is the residential parent nine out of twelve months of the year, theoretically he should draw three-fourths of the funds in the combined child support pool; this comes to $9,180. Subtracting his personal child support obligation of $6,732 from $9,180 leaves $2,448. This is the amount of yearly child support the court could have awarded to appellant under the basic child support guidelines.

In domestic relations actions, however, the trial court must have broad discretion to fashion a decree that is equitable based on the facts and circumstances of each case. See *Kunkle v. Kunkle* (1990), 51 Ohio St.3d 64, 554 N.E.2d 83. In this case, the parties stipulated that the cost of the children's parochial education would be shared in proportion to their relative incomes. Both parties are required to carry medical insurance for the children and any uncovered medical expenses are to be divided by the parties. The shared-parenting order also requires the parties to share the cost of clothing, school supplies and other ordinary expenses. In light of these court-ordered payments and in-kind contributions, the trial court could properly determine that strict application of the child support guidelines would be inappropriate. See R.C. 3113.215(B)(3)(c), (B)(6).

█ Appellant argues that the shared-parenting order encourages "excessive entanglement between the parties" because it requires the parties to cooperate and communicate by sharing expenses. There is no evidence, however, that the parties are unable to cooperate in this matter.

While the trial court's plan does require the parties to cooperate to a greater extent than would be necessary under strict application of the basic child support guidelines, the plan offers certain advantages. Sharing actual expenses provides for a more accurate division of child support than payment of a predetermined amount pursuant to the guidelines. Further, and perhaps more importantly, the basic child support guidelines do not take into account that appellee, as a residential parent during the summer, must maintain suitable housing for two minor children year round. Because the parties incur fixed costs in maintaining suitable housing for the children year round, the total amount the parties spend supporting the children exceeds the amount called for under the basic guidelines. See *Looker v. Looker* (Dec. 29, 1992), Franklin App. No. 92AP–1064, unreported, at 3, 1992 WL 394860. Appellant, who earns $6,000 more annually than appellee, may be better able to absorb some of these additional fixed costs.

█ Appellant also argues under his first assignment that the trial court erred in splitting the children's tax exemptions between the parties. The trial

court has broad discretion to allocate tax exemptions between parents. See *Hughes v. Hughes* (1988), 35 Ohio St.3d 165, 518 N.E.2d 1213. Based on the facts in this case, the trial court did not abuse its discretion by allocating one tax exemption to each parent.

The trial court did not abuse its discretion under the circumstances by adopting a shared-parenting order that required the parties to share certain expenses according to their relative incomes. Therefore, the trial court did not err in not strictly applying the child support guidelines and refusing to order appellee to pay appellant child support. Appellant's first assignment of error is overruled.

■ Under appellant's second assignment of error, he argues that the trial court abused its discretion by dividing the parties' pension and retirements funds without considering appellee's Social Security benefits. A hearing on property division was held on January 15, 1993. Appellant had a Police and Fireman's Pension Plan valued at $25,664 and appellee had a pension valued at $1,750. Appellant also had a deferred compensation plan from the state of Ohio valued at $23,218. The trial court issued a decision on January 22, 1993 awarding appellant his Police and Fireman's Pension and awarding appellee her pension. The trial court awarded appellee appellant's deferred compensation plan.

Appellant, as a public employee, does not participate in the Social Security system. Instead, appellant participates in the Public Employee Retirement System ("PERS") governed by R.C. Chapter 145.[1] Appellee, privately employed, does participate in the Social Security system and is or will be entitled to Social Security benefits upon retirement. The trial court, in ordering appellant to transfer his entire deferred compensation plan to appellee, found that this division awarded each party approximately one-half of the available pension and retirement assets. The trial court, however, apparently did not consider appellee's participation in the Social Security system.

■ Retirement benefits, including pension rights, vested during the course of the marriage are marital assets to be considered in dividing marital property. R.C. 3105.171(A)(3)(a)(ii); *Holcomb v. Holcomb* (1989), 44 Ohio St.3d 128, 541 N.E.2d 597. Participant accounts, such as appellant's deferred compensation account, are also assignable as marital property. R.C. 3105.171(A)(3)(a)(iv). On the other hand, a state court has no authority to divide interests in Social

---

1. Appellant states in his brief that he participates in PERS, but it is unclear from the record whether appellant actually participates in PERS governed by R.C. Chapter 145 or the Police and Fireman's Disability and Pension Fund governed by R.C. Chapter 742. The distinction is irrelevant for purposes of this appeal.

Security benefits, which are controlled by federal law. See Section 407(a), Title 42, U.S.Code (1982 Ed., Supp. III).

The Supreme Court in *Hoyt v. Hoyt* (1990), 53 Ohio St.3d 177, 559 N.E.2d 1292, established guidelines to aid the trial court in arriving at a fair and equitable division of property, while at the same time providing employed spouses with an incentive to continue the same employment and enhance their retirement benefits. The court stated at 179, 559 N.E.2d at 1295:

" * * * when considering a fair and equitable distribution of pension or retirement benefits in a divorce, the trial court must apply its discretion based upon the circumstances of the case, the status of the parties, the nature, terms and conditions of the pension or retirement plan, and the reasonableness of the result; the trial court should attempt to preserve the pension or retirement asset in order that each party can procure the most benefit, and should attempt to disentangle the parties' economic partnership so as to create a conclusion and finality to their marriage."

The court went on to note that a particular pension or retirement fund may not necessarily be subject to direct division but is subject to evaluation and consideration in equitably distributing both parties' marital assets. *Id.* at 180, 559 N.E.2d at 1296.

Certain appellate courts, relying on the Supreme Court's guideline in *Hoyt,* have held that trial courts must consider potential Social Security benefits when allocating marital retirement benefits. *Smith v. Smith* (1993), 91 Ohio App.3d 248, 632 N.E.2d 555; *Streeter v. Streeter* (July 30, 1991), Franklin App. No. 91AP–14, unreported, 1991 WL 151215. See, also, *Stovall v. Stovall* (Sept. 23, 1992), Summit App. No. 15335, unreported, 1992 WL 236770 (appeals court upheld a lower court's order deducting the present value of one spouse's "hypothetical Social Security account" from the present value of the other spouse's State Teacher's Retirement System).

In these cases, the courts noted that public employees who do not participate in the Social Security system are penalized because the value of their pensions are considered marital property while a private employee's contributions to Social Security may not be considered marital property under federal statute. *Stovall, supra,* at 2, citing *Cornbleth v. Cornbleth* (1990), 397 Pa.Super. 421, 580 A.2d 369.

The reasoning behind these cases is persuasive. As a matter of public policy, a trial court should consider one spouse's Social Security benefits before that court divides the other spouse's entire public pension and retirement plan. Appellant makes an interesting point when he suggests that because his "equivalent of social security" is subject to division, he is being penalized for working in the public sector.

Under these circumstances, the trial court must consider appellee's Social Security benefits before it can equitably distribute the parties' pension and retirement funds. The trial court should first determine whether appellee's interest or right to Social Security benefits vested during the marriage. If so, the court should begin an analysis by calculating appellee's potential future monthly Social Security benefits and appellant's potential future PERS monthly benefits. The court may then offset appellee's potential monthly Social Security benefits against appellant's potential PERS monthly benefits. See *Smith, supra*, 91 Ohio App.3d at 255, 632 N.E.2d at 560. The trial court can then equitably apportion the balance of the parties' marital assets. The trial court must determine whether appellant's deferred compensation account is subject to a qualified domestic relations order ("QDRO") if it attempts to assign or apportion that account. See R.C. 3105.171(C)(4) and 3105.63(A)(2)(a) to (c). The trial court, of course, may adjust the result after considering the equities and any other relevant considerations.

Appellant's second assignment of error is sustained. This cause is remanded to the trial court for further consideration concerning the impact of appellee's potential Social Security benefits on the division of the parties' pension and retirement benefits.

*Judgment accordingly.*

WALSH, J., concurs.

KOEHLER, P.J., concurs in part and dissents in part.

KOEHLER, Presiding Judge, concurring in part and dissenting in part.

The majority has found appellant's second assignment of error has merit, which requires a reversal and remand on the issue raised. In this, I concur.

It is my belief that the trial court's order of child support is patently violative of the statutory guidelines and that the deviation from said guidelines constitutes an abuse of discretion. The first assignment of error has merit and also requires a reversal and remand. Accordingly, I dissent from the majority on the calculation of child support issue.