OPINION
Defendant-appellant, John Daniel Mullen, appeals a decision of the Warren County Court of Common Pleas, Division of Domestic Relations. We affirm.
John and plaintiff-appellee, Carol Jean Mullen, were married on August 18, 1968. John began working for General Motors Corporation ("GM") in 1966, and retired in 1996 after thirty years of service with GM. Carol worked full time as a cosmetologist until 1971 when the parties' first child was born. At that time, Carol concentrated her efforts on raising the parties' children and did not work outside of the home until 1985, when Carol began working as a part-time receptionist in a doctor's office. Carol did not resume working on a full-time basis until 1990.
On March 28, 1996, Carol filed a complaint for divorce. John thereafter filed a motion for spousal support on September 17, 1996. Also on September 17, 1996, a hearing was held before the trial court. At the hearing, the court orally granted the parties a divorce on the grounds that the parties were incompatible. On September 26, 1996, the court issued a decision in which the court declined to award John spousal support. The court in its decision stated:
 Even though this is a long-term marriage [John] chose to retire at the young age of 53 in excellent health. [Carol], at age 50, must continue to work to support herself. [John] knew that this divorce was pending when he retired. He was not pressured to retire by his employer or by [Carol]. He simply chose to take advantage of the earliest opportunity to begin drawing retirement.
* * *
 [John] has elected to retire. He had the potential to continue working and chose not to. While he is free to make such a decision that does not justify him expecting [Carol] to support him when he is perfectly capable of supporting himself. [John's] claim of impoverishment therefore are [sic] of his own doing and can in no way be attributed to anything that [Carol] has done here. She has elected to continue to work and draw retirement rights from [John]. He has precipitously limited his income by taking early retirement and therefore has necessarily decided that he will live on less total income than she will have the benefit of. While the Court is troubled by that portion of his retirement plan that restricts his income to $15,500.00 before his benefits are reduced dollar for dollar he was well aware of that restriction when he retired and nevertheless chose this option rather than awaiting the outcome of the divorce. Having voluntarily chosen his own course of action he can now not be heard to complain of the results that he alone controlled.
A "Final Judgment Entry and Decree of Divorce" was filed by the trial court on July 24, 1997. The entry stated that spousal support should not be awarded to John. The entry also outlined how John's GM pension should be divided between the parties. John appeals this decision and presents two assignments of error.
Assignment of Error No. 1:
 IN DIVIDING THE PARTIES' MARITAL ESTATE, THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING APPELLEE AN INCREASED SHARE OF APPELLANT'S GENERAL MOTORS MONTHLY RETIREMENT BENEFITS WHEN APPELLANT BEGINS RECEIVING SOCIAL SECURITY BENEFITS AT AGE 62.
John claims that the trial court erred in awarding Carol an increased share of John's monthly GM pension when John begins receiving Social Security benefits at age sixty-two. John claims that the effect of the trial court's judgment was to award Carol a share of the nonmarital portion of John's GM benefit in addition to an equitable share of the marital portion of the monthly GM benefit. John also claims that the trial court's award of a share of the nonmarital portion of John's GM benefit resulted in a division of his Social Security benefits.
In reviewing the equity of a division of property, the trial court's judgment cannot be disturbed on appeal absent a showing that the trial court abused its discretion in formulating its division of the marital assets and liabilities of the parties. Martin v. Martin (1985), 18 Ohio St.3d 292, 294-95. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
Marital property includes retirement benefits acquired by either or both of the spouses during the marriage. R.C.3105.171-(A)(3) (i ii). "Pension and retirement benefits acquired by either spouse during the course of a marriage are marital assets that must be considered in arriving at an equitable division of marital property." Ricketts v. Ricketts (1996), 109 Ohio App.3d 746,751.
 When considering a fair and equitable distribution of pension or retirement benefits in a divorce, the trial court must apply its discretion based upon the circumstances of the case, the status of the parties, the nature, terms and conditions of the pension or retirement plan, and the reasonableness of the result.
Hoyt v. Hoyt (1990), 53 Ohio St.3d 177, paragraph one of syllabus. The proper method to determine the value of pension benefits is to compute a coverture fraction representing the ratio of the number of years of employment of the employed spouse during the marriage to the total years of his or her employment. Ricketts, 109 Ohio App.3d at 752.
When dividing marital assets, a trial court has no authority to divide interests in Social Security benefits which are controlled by federal law. Eickelberger v. Eickelberger (1994),93 Ohio App.3d 221, 226-27. "State courts are prohibited from dividing Social Security benefits which are allocated according to federal statute." Walker v. Walker (1996), 112 Ohio App.3d 90,92, following Hisquierdo v. Hisquierdo (1979), 439 U.S. 572,99 S.Ct. 802. While Social Security benefits are not true marital assets and are not subject to direct division, they are subject to evaluation and consideration in making an equitable distribution of both parties' marital assets. Walker at 92-93, following Hoyt, 53 Ohio St.3d at 180 and Eickelberger,93 Ohio App. 3d at 227-228.
Based upon the record in the present case, John currently receives a monthly pension payment of $1,976.65. The trial court found that 28/30 (93.3%) of John's GM pension was earned during the parties' marriage, and should be considered the marital portion of the pension. The trial court then held that Carol should receive fifty percent (50%) of the marital portion (which equals 46.67%) of John's monthly pension payments ($922.44 per month).
This division is to continue until John's benefit is reduced to $1,013.70 per month because of the receipt of Social Security payments at age sixty-two. The court found that at that time, Carol is to begin receiving fifty-six percent (56%) of the marital portion (which equals 52.27%) of Carol's monthly pension payments ($529.83 per month).
John does not claim that the trial court erred in its division of his present monthly pension payment. John claims that the trial court should have divided the future reduced monthly pension payment in a similar fashion. The result of which would be that Carol would receive $472.73 instead of $529.83.
It is apparent that the trial court did not equally divide the marital portion of John's pension payment when it is reduced when he turns sixty-two. However, "[t]he mere fact that a property division is unequal does not, standing alone, amount to an abuse of discretion." Brown v. Brown (July 21, 1997), Butler App. No. CA97-01-010, unreported, at 6, following Cherry v. Cherry (1981),66 Ohio St.2d 348, 355.
The trial court noted that Carol's "social security benefits are much less than [John's] as vested as of the date of the divorce because she gave up employment opportunities to raise the parties' children and therefore, does not have same earning history as [John]." The trial court is allowed to evaluate and consider Social Security benefits in making an equitable distribution of both parties' marital assets. Walker at 92-93. Simply because a trial court evaluates and considers Social Security benefits in making a distribution of marital assets does not mean that the trial court is dividing the Social Security benefits. In the present case, the difference between an "equal" division and the trial court's decision is only $57.10 per month. We find that this is not inequitable when considering that John will still receive the remainder of his monthly pension benefit and a monthly social security payment of $880. Carol will not have a similar opportunity when she reaches age sixty-two, even if she continues to work full time until she turns sixty-two.
While John argues inequity, he fails to properly examine the circumstances of both parties. John has the benefit of retiring at age fifty-two, while Carol must continue to work until age sixty-two in order to potentially qualify for a monthly social security payment of $600. Even while receiving fifty-six percent of the marital portion of John's monthly pension payment and a monthly social security payment of $600, John will still have a monthly income that is at least $234 per month greater than Carol's potential monthly income. Accordingly, we find that the trial court did not abuse its discretion in its division of John's pension benefits. John's first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ABUSED ITS DISCRETION IN DECLINING TO AWARD APPELLANT SPOUSAL SUPPORT.
John argues that the trial court abused its discretion in not awarding him spousal support. John claims that the parties' financial circumstances clearly demonstrate that John has a need for a reasonable amount of spousal support and Carol has the ability to pay spousal support. A trial court's decision to not award spousal support will be sustained unless the trial court abused its discretion. Kelly v. Kelly (June 1, 1998), Clermont App. No. CA97-11-099, unreported, at 16-17.
"The purpose of spousal support is to mitigate the drastic and abrupt lifestyle changes occasioned upon either party by divorce." Kilcoyne v. Kilcoyne (Feb. 29, 1996), Cuyahoga App. No. 67926 at 11, quoting Fletcher v. Fletcher (June 28, 1995), Montgomery App. No. 14726, unreported, at 6. A court must follow the factors listed in R.C. 3105.18(C) when considering whether an award of spousal support is "appropriate and reasonable." R.C.3105.18(C)-(1);[1] Carnahan v. Carnahan (1997), 118 Ohio App.3d 393,398. The trial court does not need to list each factor of R.C. 3105.18(C)(1) and comment on the factors unless there is a request for findings of fact and conclusions of law. Carnahan, 118 Ohio App.3d at 398-99, following Cherry v. Cherry (1981), 66 Ohio St.2d 348, 356.
A review of the factors listed in R.C. 3105.18(C) and the circumstances of this case show that the trial court did not abuse its discretion in declining to award John spousal support. John relies solely on the argument that spousal support should have been awarded because after the division of his pension, Carol enjoys an annual income of at least $47,000 and John will earn approximately only $11,856 per year. What John fails to point out is that his circumstances were caused by his own choices.
While income of the parties is to be considered by the trial court pursuant to R.C. 3105.18(C)(1)(a), it is only one of the twelve factors to be considered by the trial court. See R.C.3105.18(C)(1)(a-n). The purpose of spousal support is not to make both parties' incomes similar while disregarding the circumstances that has caused the disparity between the parties' incomes.
John cannot claim that spousal support is appropriate and reasonable because its purpose is to "mitigate the drastic and abrupt lifestyle changes occasioned * * * by divorce." Evidence was presented that John earned in the two full calendar years before his voluntary retirement $56,874 and $61,141. The reduction of John's annual income from $61,141 to $11,856 was not occasioned by the divorce. As stated by the trial court: "While he is free to make such a decision [to retire] that does not justify him expecting [Carol] to support him when he is perfectly capable of supporting himself."
John's only claim of a "drastic and abrupt lifestyle change" occasioned by his divorce is that he is required to pay a portion of his monthly pension to Carol. Further, John does not make an allegation that he unable to earn more than his present income, but instead argues that he cannot earn more than $15,000 per year. This claim is based upon the pension requirement that if John earns more than $15,000, his pension amount will be reduced dollar for dollar. John should not be awarded spousal support simply for the reason that he chooses not to work in order to not lose a portion of his monthly pension benefit.
John also claims that the trial court abused its discretion because the court focused solely on John's choice to retire and did not rely upon the statutory factors of R.C. 3105.18(C). However, a review of the record and the statutory factors of R.C.3105.18(C)-(1)(a-n) shows that the trial court probably would have abused its discretion if it had chosen to award John spousal support. John was not required to remain in the home during the children's formative years. Boes v. Boes (June 17, 1998), Seneca App. No. 13-98-10, unreported, at 10; R.C. 3105.18 -(C)(1)(f). John has not presented evidence that his earning potential is limited except by his voluntary retirement. Kelly, Clermont App. No. CA97-11-099 at 7; R.C. 3105.18-(C)(1)(b). John is not at the beginning of his career and has been able to establish a secure retirement plan. Hutchinson v. Hutchinson (May 29, 1998), Greene App. No. 97-CA-40, unreported, at 15; R.C. 3105.18(C)(1)(d). John does not allege that he needs further education so he can pursue a career. Robinson v. Robinson (May 8, 1998), Montgomery App. Nos. 16613, 16614, unreported, at 25; R.C. 3105.18(C)(1)(k). John has not alleged that he has contributed to Carol's education. Griffith v. Purcell (Jan. 26, 1998), Scioto App. No. 97 CA 2512, unreported, at 7; R.C. 3105.18(C)(1)(j). Finally, John is not physically disabled and unable to work at his former career. Moore v. Moore (1992), 83 Ohio App.3d 75, 79; R.C.3105.18(C)(1)(c).
Accordingly, we find that the trial court did not abuse its discretion in declining to award John spousal support. John's second assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.
[1] R.C. 3105.18(C)(1) states in part:
 In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, * * * the court shall consider all of the following factors:
 (a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171
of the Revised Code;
(b) The relative earning ability of the parties;
 (c) The ages and the physical, mental, and emotional condition of the parties;
(d) The retirement benefits of the parties;
(e) The duration of the marriage;
 (f) The extent to which it would be inappropriate for a party, because he will be custodian of a minor child of the marriage, to seek employment outside the home;
 (g) The standard of living of the parties established during the marriage;
(h) The relative extent of education of the parties;
 (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 (j) The contributions of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 (l) The tax consequences, for each party, of an award of spousal support;
 (m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 (n) Any other factor that the court expressly finds to be relevant and equitable.