This matter is before the court on appeal from the Sandusky County Court of Common Pleas. On July 13, 1998, the court issued a judgment entry and decree of divorce. Appellant, Howard Simon, now appeals setting forth the following assignment of error:
 "CONTRARY TO 3105.18 THE TRIAL COURT IMPROPERLY AWARDED PLAINTIFF, JACQUELINE L. SIMON SPOUSAL SUPPORT PRIOR TO MAKING A DIVISION OF THE LIABILITIES AND ASSETS OF THE PARTIES. THE TRIAL COURT FAILED TO IN FACT DETERMINE THE VALUES OF THE PERSONAL AND REAL PROPERTY OF THE PARTIES AND MADE AN INEQUITABLE DIVISION OF SAID PROPERTY. IN VIOLATION OF 3105.171 OF THE OHIO REVISED CODE."
R.C. 3105.18(B) states in pertinent part:
 "In divorce and legal separation proceedings, upon the request of either party and after the court determines the division or disbursement of property under section 3105.171 [3105.17.1] of the Revised Code, the court of common pleas may award reasonable spousal support to either party." (Emphasis ours.)
Appellant contends that the court erred in failing to consider appellee's future social security benefits. In support, appellant cites this court's case of Biggs v. Biggs
(Aug. 16, 1996), Lucas App. No. L-95-214, unreported. This court stated in pertinent part:
 "Ohio courts agree that social security accrued during a marriage is a retirement benefit that must be considered when marital assets are divided for a divorce property settlement. See, e.g., Eickelberger v. Eickelberger (1994), 93 Ohio App.3d 221, 638 N.E.2d 130; Smith v. Smith (1993), 91 Ohio App.3d 248, 632 N.E.2d 555. As the Eickelberger v. Eickelberger court stated: "As a matter of public policy, a trial court should consider one spouse's Social Security benefits before that court divides the other spouse's entire public pension and retirement plan." 93 Ohio App.3d at 227. If no evidence is offered by the parties regarding the value of the social security retirement benefit, the trial court should direct them to submit the evidence, since it concerns an issue that must be decided. Risner v. Risner (Dec. 28, 1995), 1995 Ohio App. LEXIS 5848, Jackson App. No. 94CA757, unreported. Failure to make specific findings about the court's treatment of the social security retirement benefits in reaching a property division order constitutes an abuse of discretion. Id"
Our review of the record in this case shows that the court failed to consider appellee's future social security earnings. In that the court failed to fully determine the division of the parties' property before awarding appellee spousal support in the amount of $155 per week for two years, appellant's assignment of error is found well-taken. The judgment of the Sandusky County Court of Common Pleas is reversed. This case is remanded for further proceedings consistent with this opinion. Appellant and appellee are each ordered to pay one-half of the court costs of this appeal.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Judge Charles D. Abood, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
Melvin L. Resnick, J. -------------------- JUDGE
Richard W. Knepper, J. -------------------- JUDGE
Charles D. Abood, J. CONCUR. -------------------- JUDGE