DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, which granted the parties a divorce.
Appellant, Rebecca J. Bauer, asserts the following assignments of error:
 "I. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO THE PREJUDICE OF APPELLANT WHEN IT APPROVED THE PARTIES' STIPULATIONS REFLECTING THEIR IN-COURT SETTLEMENT AGREEMENT BUT, INEXPLICABLY, RENDERED A FINAL JUDGMENT ENTRY WHICH SIGNIFICANTLY CHANGED THE STIPULATION AND ORDER.
 "II. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT FAILED TO RECOGNIZE THE EFFECT OF THE RULE OF HORVATH AND THE CONTROLLING STATUTES ON THE PRESENT VALUE OF THE MARITAL PORTION OF APPELLANT'S PERS ACCOUNT.
 "III. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO THE PREJUDICE OF APPELLANT WHEN IT ACCEPTED THE ARBITRARY AND UNSUPPORTED `ASSUMPTIONS' USED BY APPELLEE'S EXPERT WHICH PRODUCED AN EXTRAORDINARILY INFLATED PRESENT VALUE OF APPELLANT'S PERS ACCOUNT.
 "IV. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO THE PREJUDICE OF APPELLANT WHEN IT REFUSED TO HEAR THE TESTIMONY OF EDMUND SCHAFER WHICH TESTIMONY WAS OFFERED IN RESPONSE TO THE COURT'S PRIOR QUESTIONING."
The parties were married on June 7, 1975. Two children were born as issue of the marriage. On June 25, 1996, appellant filed a complaint for divorce. A trial commenced on March 13, 1998. The court expressed its understanding that an agreement had been reached as to some of the issues facing the parties. Appellee's counsel then read into the record the parties' agreement as to custody, visitation and support of their minor child, allocation of marital assets and debt, and division of personal property. The only issue tried to the court was the valuation of the parties' respective retirement benefits. Specifically, the court was asked to determine the appropriate method of offsetting appellee's Social Security benefits value versus the present value of appellant's Public Employees Retirement System account ("PERS"). Following the trial, the court issued a judgment entry finding that the marital portion of appellant's pension available for equitable distribution was $89,872.73. Setting that figure off against the value of appellee's social security benefits or $25,604.00, the court found that the present value of the marital portion of appellant's PERS plan subject to distribution was $64,269.00.
In her first assignment of error, appellant contends the court erred in changing the parties' stipulations. Specifically, appellant contends that when the judge added what he determined to be the marital portion of appellant's pension to the amount available for equitable distribution, he, in effect, altered the parties' agreed upon stipulations. This argument is without merit. The record shows that the parties agreed to approve of the stipulations pending the court's judgment of the unresolved issues. The only unresolved issue was the valuation of the parties' respective pensions. Despite the wording of this assignment of error, appellant is essentially disagreeing with the amount that the court valued the pensions, not the method by which the court issued its final judgment entry. The merits of the court's decision on valuation will be addressed in appellant's other assignments of error. Accordingly, appellant's first assignment of error is found not well-taken.
In her second assignment of error, appellant contends that the court erred in failing to follow the reasoning of Stateex. rel. Horvath v. State Teachers Retirement Bd. (1998), 83 Ohio St.3d 67. In Horvath, a widower was prevented from recovering the interest on his deceased wife's mandatory contributions to the State Teachers Retirement System ("STRS"). The decedent had been employed as a public school teacher from 1951 until 1964. Her contributions to STRS during her employment totaled $4,540.51. When she died in 1989, R.C. 3307.651 was in effect. It provided for the crediting of interest on teacher contributions after August 31, 1959 only upon retirement and only in the event that the sum of the account at retirement is a factor in determining the allowance. Because Mrs. Horvath died before she became eligible to retire, the State Teachers Retirement Board refunded Mr. Horvath only $4,540.51 or the sum of her contributions with no interest. Mr. Horvath argued that R.C. 3307.651 worked to deny him interest in the amount of $29,435.55 accrued on his wife's contributions after August 31, 1959. Following the statute, the Ohio Supreme Court rejected Mr. Horvath's claims to the interest.
R.C. 145, the section of the Ohio Revised Code governing PERS, states: "Subsequent to December 31, 1958, the retirement board shall discontinue the annual crediting of current interest to the individual accounts of contributors. The noncrediting of current interest shall not affect the rate of interest at retirement guaranteed under division (I) of this section." R.C. 145.01(I)(1). Appellant contends that because the above code section is so similar to the one construed in Horvath, the court should have likewise valued appellant's pension at $27,125.65, reflecting only the amount of her contributions during the marriage with no interest.
The Horvath case is easily distinguishable on its facts. The Horvath case involved the rights of a beneficiary under a statute that applies exclusively to STRS. The present case involves an equitable property division in a divorce case wherein one of the parties has a PERS account. Given the factual and statutorial differences between Horvath and the issues raised in the instant case, we conclude that the application of the holding in Horvath to appellant's second assignment of error makes little sense. Accordingly, appellant's second assignment of error is found not well-taken.
In her third assignment of error, appellant contends the court abused its discretion in accepting the pension evaluation of appellee's expert, David Kelley.
Retirement benefits, including pension rights, vested during the course of the marriage are marital assets to be considered in dividing marital property. R.C. 3105.171(A)(3)(a)(ii);Holcomb v. Holcomb (1989), 44 Ohio St.3d 128. On the other hand, a state court has no authority to divide interests in Social Security benefits, which are controlled by federal law. See Section 407(a), Title 42, U.S. Code (1982 Ed., Supp. III). PERS benefits are considered marital property and are subject to division. Id. In cases such as the one before us, a court should first determine whether a party's interest or right to Social Security benefits vested during the marriage. If so, the court should begin an analysis by calculating the party's potential future monthly Social Security benefits and the other party's potential future PERS monthly benefits. The court may then offset appellee's potential monthly Social Security benefits against appellant's potential PERS monthly benefits. Eickelbergerv. Eickelberger (1994), 93 Ohio App.3d 221, 228.
The standard of appellate review for a trial court's division of property in a divorce proceeding is abuse of discretion and a reviewing court will not substitute its judgment for that of the trial court unless the trial court's decision is unreasonable, arbitrary or unconscionable. Bisker v. Bisker
(1994), 69 Ohio St.3d 608, 609. A trial court has broad discretion in dividing marital property, but must use its discretion based upon the circumstances of the case, the nature, terms and conditions of the pension plan and the reasonableness of the result. Erb v. Erb (1996), 75 Ohio St.3d 18, 20, citing Hoytv. Hoyt (1990), 53 Ohio St.3d 177.
David Kelley testified that he has been a pension evaluator with a small company. He began his career as a certified financial planner. His main job duty now is to evaluate pensions and then provide supporting testimony in court cases. Kelley concluded that the present value of appellant's PERS account was $101,160.07 with $89,872.73 of that being earned during the marriage and available for equitable distribution. He reached this figure using the purchase money method, a method that compounds yearly contributions by the employee by the statutory interest rate until age of retirement. This is then multiplied by an annuity factor to reflect the retirement annuity.
Edmund Schafer testified for appellant. Schafer explained he has been a certified public accountant for twenty years and is a managing partner in a Port Clinton, Ohio accounting firm. Schafer testified that he has testified in courts of law applying his valuation method. Schafer testified that the present value of appellant's PERS benefits was $20,404.62. He found the present value of appellee's social security benefits to be $20,536.63. Schafer concluded that the amount subject to equitable distribution was the difference of the above figures or $132.01.
In accepting the conclusions of Kelley, the court stated:
 "The court finds that Mr. Kelley is more experienced in the area of pension evaluations than Mr. Schafer; he has co-written a treatise on the subject; he has published numerous articles in the area; and he has presented CLE seminars for the Judicial Conference on the area of pension evaluations. While each expert has testified previously as an expert witness in the field of pension evaluations, Mr. Kelley's experience was considerably greater and more widespread."
Based upon a review of the record, we find there was evidence to support the trial court's valuation of appellant's pension. Accordingly, the trial court did not abuse its discretion and appellant's third assignment of error is found not well-taken.
In his fourth assignment of error, appellant contends the court erred in failing to allow Schafer to present evidence in response to the court's questions regarding valuations under each of the PERS plans available at retirement.
A trial court has broad discretion in determining whether to admit or exclude evidence. Absent an abuse of discretion that materially prejudices a party, the trial court's decision will stand. Krischbaum v. Dillon (1991), 58 Ohio St.3d 58.
The judge in this case questioned Schafer as to why he had only considered one of the PERS benefit options when computing his valuation. The transcript shows that Schafer initially explained to the court that he found valuations under the other plans to be irrelevant in determining the present value of appellant's PERS. He specifically testified "[I]n my mind we are forced to select a benefit under PERS that is most similar to [social security]". Later, after Kelley's testimony, Schafer offered to show the court what his valuations would look like under the other plans. Given the fact that Schafer, in his testimony, had already discounted the value of these alternate calculations, we conclude that the trial court did not abuse its discretion in refusing to admit the evidence. Appellant's fourth assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Common Pleas Court, Domestic Relations Division, is affirmed. Costs assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 __________________________ Melvin L. Resnick, J.
Sherck, J., Pietrykowski, J. CONCUR.