OPINION
Defendant-Appellant, Sandra Carder, appeals from an Allen County Common Pleas Court judgment granting Plaintiff-Appellee's, Randal Carder, complaint for divorce, ordering the division of their marital assets, and allocating parental rights and responsibilities as to the parties' minor children. On appeal, Sandra contends that the trial court improperly valued Randal's pension in ordering the division of the parties' marital assets or, in the alternative, erred by not reserving jurisdiction to value the pension at a later date. However, because Randal's pension does not vest for another two years, he is not set to retire for another twelve years, and neither party submitted evidence concerning the parties' investment into social security, we find that the trial court did not abuse its discretion in determining the pension's value based upon the evidence presented.
Facts and procedural history pertinent to this appeal are as follows. Sandra and Randal Carder were married on June 4, 1983, and Randal initiated divorce proceedings on April 11, 2001. For the last thirteen years of their marriage, Randal has been employed as a fireman for the City of Delphos, Ohio. Throughout this employment, Randal has participated in a pension plan that is currently unvested.
At the divorce hearing, the trial court heard evidence concerning the division of the parties' marital property. A major issue was the valuation of Randal's pension. Both parties utilized the same expert to calculate two competing values. Sandra's preference was for the court to utilize a higher figure, which projected the amount that Randal's pension would be after he retires at the completion of twenty-five years of service. On the other hand, Randal argued that a lower value, reflecting present contributions, should be utilized.
After evaluating the evidence before it, the trial court found that the lesser amount was an equitable figure based upon the circumstances of the case. From this decision, Sandra appeals and asserts the following sole assignment of error for our review.
 Assignment of Error I
"The trial court committed error when it failed to determine a value of the Appellee's unvested firemen's pension or reserve jurisdiction on this issue until the Appellee becomes vested or retires."
Sandra contends that the trial court failed to determine a value to Randal's unvested pension when it divided the marital assets or, in the alternative, failed to reserve jurisdiction in order to evaluate the pension once it becomes vested or he retires. However, based upon the following, we find that the trial court did not abuse its discretion in valuing the pension.
Pension or retirement benefits accumulated during the course of a marriage are marital assets subject to property division in a divorce action.[1] R.C. 3105.171 governs the division of marital property in domestic relations cases and states: "if an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable."[2] Trial courts, therefore, are given broad discretion to fashion an equitable division based on the facts of each particular case.[3] Consequently, a reviewing court cannot interfere with a decision made by the trial court absent an abuse of discretion, which implies that the decision by the trial court was arbitrary or unconscionable.[4]
The Supreme Court, in Hoyt v. Hoyt, set forth guidelines for trial courts to follow when exercising their discretion in dividing marital assets consisting of pension plans or retirement benefits.[5] UnderHoyt, a trial court is mandated to apply its discretion based upon the circumstances of the case, the status of the parties, the nature, terms and conditions of the pension or retirement plan, and the reasonableness of the result.[6] Moreover, trial courts should attempt to preserve the pension asset to the best benefit of both parties and disentangle the parties' financial partnership to promote finality in the parties' divorce.[7] The Hoyt Court further noted that trial courts must have flexibility in making such determinations and "any given pension or retirement fund is not necessarily subject to direct division but is subject to evaluation and consideration in making an equitable distribution of both parties' marital assets."[8]
A trial court has the responsibility to determine the value of pensions based on the evidence before it.[9] The evidence in this case shows that Randal's pension is unvested. An unvested benefit is deferrable; therefore, if he were to leave work voluntarily, an unvested plan would confer no benefits in him or his beneficiaries.[10] Further, the parties' expert witness submitted two valuations of the pension. The first calculated the pension at $90,178.45, the projected value when Randal retires in twelve years after twenty-five years of service. The second calculated the pension at $40,665.21, which represented the amount of contribution currently invested in the pension.
The trial court found that Randal's pension does not vest for another two years. Therefore, even though he testified that he does plan to remain with his current employment, whether he will is dependent upon possible unforeseen circumstances. Moreover, the court noted that at the time of the hearing Randal had only been employed with the fire department for thirteen years, which significantly undermines the higher amount that is contingent upon twenty-five years of service. Additionally, testimony indicated that neither party submitted an amount for either parties' interest in social security benefits, which, for Sandra, would offset the amounts of both calculations and is necessary to more accurately evaluate the value of a pension.[11]
Based upon this evidence, the court chose the lower value and credited that amount to Randal's marital equity, which was eventually compared to and offset from the total marital assets attributed to Sandra. This value reflects the parties' contributions to the plan and exceeds Randal's present accrued benefit. In light of the evidence presented, we do not find that the election to value Randal's pension at the amount of the actual contributions to be arbitrary or unreasonable. Moreover, because the parties are far removed from a retirement date and Randal's pension does not vest for another two years, we find that the trial court did not abuse its discretion in bringing finality to the parties' division of assets instead of reserving jurisdiction for some future date; especially in light of the speculative nature of the retirement value and the need to "disentangle" the parties' interests.[12]
Accordingly, Appellant's single assignment of error is hereby overruled.
Having found no error prejudicial to Appellant herein, in the particulars assigned and argued, the judgment of the trial court is affirmed.
Judgment affirmed.
BRYANT and HADLEY, JJ., concur.
[1] Holcomb v. Holcomb (1989), 44 Ohio St.3d 128, 132, 541 N.E.2d 597;Hoyt v. Hoyt (1990), 53 Ohio St.3d 177, 178, 559 N.E.2d 1292; R.C.3105.171(A)(3)(a)(i).
[2] R.C. 3105.171(C)(1).
[3] Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 67, 554 N.E.2d 83, superseded by statute on other grounds.
[4] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
[5] Hoyt, 53 Ohio St.3d at 179.
[6] Id.
[7] Id.
[8] Id. at 180.
[9] Id. at 183.
[10] Younkin v. Younkin (Dec. 22, 1998), Franklin App. No. 98AP-419.
[11] Eickelberger v. Eickelberger (1994), 93 Ohio App.3d 221, 228,638 N.E.2d 130.
[12] See, e.g., Evans v. Cole (Dec. 15, 2000), Jackson App. No. 00CA03.