[Cite as *Tipton v. Tipton*, 2013-Ohio-4901.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MELISSA TIPTON | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Sheila G. Farmer, J.<br>Plaintiff-Appellee    Hon. Patricia A. Delaney, J. |
| -vs- | Case No. 13-CA-19 |
| JASON TIPTON | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Fairfield County Court of
Common Pleas, Domestic Relations
Division, Case No. 12 DR 263


JUDGMENT:      Affirmed in part; Reversed in part, and
Remanded


DATE OF JUDGMENT ENTRY:      November 4, 2013


APPEARANCES:


For Plaintiff-Appellee      For Defendant-Appellant

MELISSA TIPTON, PRO SE      JASON A. PRICE
6265 Amanda Clearport Road      The Jason A. Price Law Group
Amanda Ohio 43102      A Legal Professional Assoc.
126 East Chestnut Street
Lancaster, Ohio 43130

*Hoffman, P.J.*

{¶1} Defendant-appellant Jason Tipton appeals the January 14, 2013 Judgment Entry/Decree of Divorce entered by the Fairfield County Court of Common Pleas, Domestic Relations Division, which named plaintiff-appellee Melissa Tipton the residential parent and legal custodian of the parties' minor children, granted Appellant parenting time, ordered Appellant to pay child support, and divided the parties' assets and liabilities.

STATEMENT OF THE CASE AND FACTS[1]

{¶2} The parties were married on July 11, 1992. Three children were born as issue of the marriage, to wit: Jason A., Jr. (DOB 5/16/95), Jordan M. (DOB 5/28/98), and Joshua W. (DOB 6/13/99). Appellee filed a Complaint for Divorce on March 12, 2012. Appellant did not file an answer. The trial court scheduled the matter for final hearing on December 14, 2012. Appellant did not appear at the final hearing.

{¶3} At the hearing, Appellee testified she and Appellant separated on November 23, 2011. Appellee indicated the trial court had not issued a temporary visitation order and Appellant sees the children "every once and a while on weekends". When asked if she was seeking a specific visitation order or wanted visitation to remain as the parties agree "right now", Appellee responded, "I guess just as agreed." Transcript of December 14, 2012 Proceedings at 6, lines 19-23. In support of her request for child support, Appellee presented the trial court with a copy of Appellant's 2011 W-2 form. Appellee acknowledged Appellant was currently working for another company, but noted she thought his income was similar. Appellee recently gained full-

---

[1] Appellee has not filed a brief in this matter.

time employment as a seasonal worker in a warehouse, earning $9.50/hour. Prior to her securing the position, Appellee was receiving public assistance. The children had health insurance through Job and Family Services.

{¶4} Appellee testified the parties did not own any real property or have any retirement assets. The parties had divided their personal belongings. Appellee requested she pay the debt in her name and Appellant pay the debt in his name. Appellee did not ask for spousal support, but did request Appellant assist with the children's school and sports fees.

{¶5} Via Judgment Entry/Decree of Divorce, the trial court granted Appellee a divorce from Appellant on the grounds of extreme cruelty, gross neglect of duty, and incompatibility. The trial court designated Appellee as residential parent and legal custodian of the parties' minor children. The trial court granted Appellant "reasonable parenting time with the child(ren), as the parties agree."

{¶6} It is from this judgment entry Appellant appeals, raising as error:

{¶7} "I. THE TRIAL COURT ERRED WHEN IT EQUITABLY DIVIDED THE ASSETS OF THE PARTIES WITHOUT MAKING SPECIFIC FINDINGS AS REQUIRED BY R.C. 3105.171(C)(1) AND (G).

{¶8} "II. THE TRIAL COURT ERRED IN NOT GRANTING THE APPELLANT SPECIFIC PARENTING TIME WITH THE MINOR CHILDREN PURSUANT TO R.C. 3109.051(A).

{¶9} "III. THE TRIAL COURT ERRED IN ALLOCATING THE TAX DEPENDENCY EXEMPTION.

{¶10} "IV. THE TRIAL COURT ERRED IN THE CALCULATION OF CHILD SUPPORT AND THE ALLOCATION OF EXTRAORDINARY AND ORDINARY HEALTH CARE EXPENSES."

I

{¶11} In his first assignment of error, Appellant contends the trial court erred when it equitably divided the parties' assets without making the specific findings required by R.C. 3105.171(C)(1) and (G).

{¶12} A review of a trial court's division of marital property is governed by the abuse of discretion standard. *Martin v. Martin*, 18 Ohio St.3d 292, 480 N.E.2d 1112 (1985). We cannot substitute our judgment for that of the trial court unless, when considering the totality of the circumstances, the trial court abused its discretion. See *Middendorf v. Middendorf,* 82 Ohio St.3d 397, 1998-Ohio-403, 696 N.E.2d 575. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶13} Revised Code 3105.171(C) mandates an equal division of marital property, unless such would be inequitable under the circumstances. In dividing marital assets, and in deciding whether to order an unequal award, a trial court must consider all relevant factors, including those listed in R.C. 3105.171(F).[2] The trial court must

---

[2] R.C. 3105.171(F) provides: "In making a division of marital property and in determining whether to make and the amount of any distributive award under this section, the court shall consider all of the following factors: (1) The duration of the marriage;  (2) The assets and liabilities of the spouses;  (3) The desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage; (4) The liquidity of the property to be distributed; (5) The economic desirability of retaining intact an asset or an interest in an asset; (6)

address these statutory factors in making a decision. *Neel v. Neel*, 113 Ohio App.3d 24, 32, 680 N.E.2d 207 (1996). The trial court also must make written findings of fact to support its decision to divide the martial property equitably. See R.C. 3105.171(G).[3]

{¶14} Although the trial court has broad discretion to develop a measure of value, it "is not privileged to omit valuation altogether." *Willis v. Willis*, 19 Ohio App.3d 45, 48, 482 N.E.2d 1274 (1984). It is reversible error for a trial court to divide a couple's property without first assigning a value to each of the parties' major assets. See, e.g., *Wenger v. Wenger,* 9th Dist. No. 02CA0065, 2003-Ohio-5790, at ¶ 18; *Mitchell v. Mitchell*, 9th Dist. No. 18536 (May 6, 1998); *Kreger v. Kreger*, 9th Dist. No. 91CA005073 (Dec. 11, 1991). Although the trial court "cannot be expected to value every piece of furniture, lawn equipment, and other personal property accumulated during a marriage[,]" it is expected to place a value on the major assets owned by the parties. *Kohler v. Kohler*, 9th Dist. No. 96CA006313 (Aug. 14, 1996).

{¶15} In the case sub judice, the trial court found the parties did not own any real property or have any retirement benefits. The trial court awarded each party the household goods, furniture, and personal effects currently in his/her possession, free and clear of any claims of the other party. Likewise, the trial court awarded each party

The tax consequences of the property division upon the respective awards to be made to each spouse; (7) The costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property; (8) Any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses; (9) Any other factor that the court expressly finds to be relevant and equitable."

[3] "In any order for the division or disbursement of property or a distributive award made pursuant to this section, the court shall make written findings of fact that support the determination that the marital property has been equitably divided and shall specify the dates it used in determining the meaning of 'during the marriage'."

any checking and/or savings account in his/her name, free and clear of any claims of the other party. The trial court also awarded each party his/her respective vehicle, free and clear of any claims of the other party, and held each party individually responsible for any payments owed thereon. With respect to the parties' debts, the trial court ordered each party to pay and hold the other harmless on any credit cards or other debts held in his/her individual name.

{¶16} Although, the trial court did not assign values to the household goods, furniture, personal effects and vehicles, Appellee testified the parties had already divided such. There was no evidence such division was not equitable. Accordingly, we find no error in the trial court's decision regarding these items. However, we find the trial court should have assigned a value to the checking and savings accounts and assessed the amount of the parties' debts. Without these figures, this Court is unable to determine if the division was equal or equitable. In addition, the trial court did not provide any indication it considered the statutory factors set forth in R.C. 3105.171(F) in making its division of property, and did not file written findings of fact to support the property division. Because the trial court failed to follow the mandatory statutory guidelines in dividing the property, this Court cannot determine whether such division was equal or equitable.

{¶17} Appellant's first assignment of error is sustained, in part, and overruled in part.

II

**{¶18}** In his second assignment of error, Appellant maintains the trial court erred in failing to grant Appellant specific parenting time with the minor children pursuant to R.C. 3109.051(A).

**{¶19}** When reviewing a ruling pertaining to the allocation of parental rights, the trial court is to be afforded great deference. *Miller v. Miller,* 37 Ohio St.3d 71, 523 N.E.2d 846 (1988). Thus, we will not reverse a child custody decision that is supported by a substantial amount of competent, credible evidence absent an abuse of discretion. *Bechtol v. Bechtol*, 49 Ohio St.3d 21, 550 N.E.2d 178, syllabus, 49 Ohio St.3d 21, 550 N.E.2d 178 (1990).

**{¶20}** R.C. 3109.051(A) provides:

If a divorce, dissolution, legal separation, or annulment proceeding involves a child and if the court has not issued a shared parenting decree, the court * * * shall make a just and reasonable order or decree permitting each parent who is not the residential parent to have parenting time with the child at the time and under the conditions that the court directs, unless the court determines that it would not be in the best interest of the child to permit that parent to have parenting time with the child and includes in the journal its findings of fact and conclusions of law. Whenever possible, the order or decree permitting the parenting time shall ensure the opportunity for both parents to have frequent and continuing contact with the child, unless frequent and continuing contact by either parent with the child would not be in the best interest of the child. *The court shall include in its*

*final decree a specific schedule of parenting time for that parent.*

(Emphasis added).

**{¶21}** Local R. 17 of the Fairfield County Domestic Relations Court sets forth a standard parenting time order for nonresidential parents.

**{¶22}** In the Judgment Entry/Decree of Divorce, the trial court awarded Appellant "reasonable parenting time with the child(ren), as the parties agree." The trial court did not set forth a specific schedule as required by R.C. 3109.51(A), did not reference Local R. 17, and did not consider the factors set forth in R.C. 3109.051(D). Accordingly, we find the trial court's order granting Appellant "reasonable parenting time * * * as the parties agree" is not specific enough in this case.

**{¶23}** Appellant's second assignment of error is sustained.

III

**{¶24}** In his third assignment of error, Father asserts the trial court erred in its allocation of the tax dependency exemptions.

**{¶25}** In general, we review a trial court's decision allocating tax exemptions for dependents under an abuse of discretion standard. See *Eickelberger v. Eickelberger,* 93 Ohio App.3d 221, 225–26, 638 N.E.2d 130 (1994), citing *Hughes v. Hughes,* 35 Ohio St.3d 165, 518 N.E.2d 1213 (1988). However, this discretion is both guided and limited by the statutory requirements of R.C. 3119.82.

**{¶26}** In the instant action, the trial court allocated the tax dependency exemptions for all three children to Appellee for the 2012 tax year. For the 2013 tax year and thereafter, the trial court ordered Appellee claim Joshua Tipton as a

dependent; Appellant claim Jacob Tipton as a dependent; and the parties alternate claiming Jason Tipton as a dependent.

**{¶27}** A review of the record does not affirmatively demonstrate the trial court abused its discretion in allocating the tax dependency exemptions as it did.

**{¶28}** Appellant's third assignment of error is overruled.

IV

**{¶29}** In his final assignment of error, Appellant argues the trial court erred in its calculation of child support and the allocation of extraordinary and ordinary health expenses.

**{¶30}** In *Booth v. Booth,* 44 Ohio St.3d 142, 541 N.E.2d 1028 (1989), the Ohio Supreme Court determined an abuse of discretion standard is the appropriate standard of review in matters concerning child support. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶31}** R.C. 3119.05 provides, in pertinent part:

> When a court computes the amount of child support required to be paid under a court child support order or a child support enforcement agency computes the amount of child support to be paid pursuant to an administrative child support order, all of the following apply:
>
> (A) The parents' current and past income and personal earnings shall be verified by electronic means or with suitable documents, including, but not limited to, paystubs, employer statements, receipts and

expense vouchers related to self-generated income, tax returns, and all supporting documentation and schedules for the tax returns.

**{¶32}** Appellee presented the trial court with a copy of Appellant's 2011 W-2 form as evidence of Appellant's income.  Appellant submits because he no longer works for the employer listed on the 2011 W-2 form, the information contained therein is outdated. However, Appellant failed to present any evidence to refute the income figure.

**{¶33}** A W-2 form is a suitable document for verification of income pursuant to R.C. 3119.05(A).  We find the trial court had sufficient evidence of Appellant's wages with which to calculate the child support obligation.

**{¶34}** Appellant's fourth assignment of error is overruled.

**{¶35}** The judgment of the Fairfield County Court of Common Pleas, Domestic Relations Division, is affirmed in part and reversed in part and the matter remanded for further proceedings consistent with this Opinion and the law.

By: Hoffman, P.J.

Farmer, J.  and

Delaney, J. concur

_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER


_____
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

MELISSA TIPTON                          :
                                        :
        Plaintiff-Appellee              :
                                        :
-vs-                                    :              JUDGMENT ENTRY
                                        :
JASON TIPTON                            :
                                        :
        Defendant-Appellant             :              Case No. 13-CA-19

For the reasons stated in our accompanying Opinion, the judgment of the

Fairfield County Court of Common Pleas, Domestic Relations Division, is affirmed in

part and reversed in part and the matter remanded for further proceedings consistent

with our Opinion and the law. Costs assessed equally.

_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER

_____
HON. PATRICIA A. DELANEY